[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 152.]

[THE STATE EX REL.] RUSSO, APPELLANT, *v.* DETERS, PROS. ATTY., APPELLEE.

[Cite as *State ex rel. Russo v. Deters*, 1997-Ohio-351.]

*Civil procedure—Motion for relief from judgment—Court of appeals does not abuse its discretion in overruling a Civ.R. 60(B) motion when movant fails to establish a meritorious claim.*

(No. 97-763—Submitted August 26, 1997—Decided October 22, 1997.)

APPEAL from the Court of Appeals for Hamilton County, No. C-961098.

————————————

{¶ 1} Appellant, Robert Russo, was charged with robbing a service station. *State v. Russo* (Nov. 15, 1995), Hamilton App. No. C-941052, unreported, 1995 WL 675975. During his trial, the state introduced into evidence photographs taken from the service station's surveillance cameras. In February 1996, Russo filed a motion for production and inspection of the entire surveillance videotape pursuant to the Public Records Act, R.C. 149.43, but the Hamilton County Court of Common Pleas denied his motion in March 1996.

{¶ 2} In August 1996, Russo filed a complaint for a writ of mandamus to compel appellee, Hamilton County Prosecuting Attorney Joseph T. Deters, to provide access to the videotape under R.C. 149.43 and Crim.R. 16(B). Although the complaint was titled as an action in the Court of Appeals for Hamilton County, the clerk of courts filed Russo's complaint in the common pleas court. In December 1996, Russo filed a motion for judgment on the pleadings on his mandamus action. The clerk filed this motion in the court of appeals. The court of appeals subsequently granted Deters's motion and dismissed the mandamus complaint because "there is no Writ of Mandamus filed as indicated in the relator's motion [for judgment on the pleadings] * * *." Russo then filed a Civ.R. 60(B) motion for relief from judgment, stating that the clerk had mistakenly failed to file his

mandamus complaint in the court of appeals. The court of appeals overruled Russo's motion for relief from judgment.

{¶ 3} The cause is before this court upon an appeal as of right.

_____

*Robert Russo*, pro se.

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ronald W. Springman, Jr.*, Assistant Prosecuting Attorney, for appellee.

_____

***Per Curiam.***

{¶ 4} Russo asserts in his sole proposition of law that the court of appeals erred when it overruled his Civ.R. 60(B) motion for relief from judgment.

{¶ 5} In an appeal from a Civ.R. 60(B) determination, a reviewing court must determine whether the trial court abused its discretion. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564, 566. An abuse of discretion connotes conduct which is unreasonable, arbitrary, or unconscionable. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 106, 107, 647 N.E.2d 799, 801. In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must establish that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus.

{¶ 6} For the reasons that follow, Russo failed to establish that he had a meritorious claim to present. First, records which are discoverable under Crim.R. 16 are not thereby subject to release as "public records" under R.C. 149.43. *State ex rel. Fuqua v. Alexander* (1997), 79 Ohio St.3d 206, 208, 680 N.E.2d 985, 987,

citing *State ex rel. WHIO-TV-7 v. Lowe* (1997), 77 Ohio St.3d 350, 673 N.E.2d 1360, syllabus. Second, to the extent Russo claims entitlement to the videotape under Crim.R. 16 or some provision other than R.C. 149.43, he had adequate remedies in the ordinary course of law at trial and on appeal. Finally, *res judicata* precluded Russo from again raising this issue because he had previously raised the issue in common pleas court. See, generally, *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus ("A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.").

{¶ 7} Based on the foregoing, the court of appeals did not abuse its discretion by overruling Russo's Civ.R. 60(B) motion for relief from judgment. Although Russo filed his motion in a timely manner and might have established inadvertence or mistake by the clerk in filing his mandamus complaint, he did not establish that he had a meritorious claim. *State ex rel. Richard v. Seidner* (1996), 76 Ohio St.3d 149, 151, 666 N.E.2d 1134, 1136 (Civ.R. 60[B] relief is inappropriate if any one of the three requirements is not satisfied.). Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

––––––––––––––––––