OPINION
{¶ 1} Appellant, Joyce Crowley, appeals the November 13, 2002, judgment of the Trumbull County Common Pleas Court that granted summary judgment to appellees City of Warren ("Warren") and Sara Fusco Trust ("Trust"). For the reasons set forth below, we lack jurisdiction to hear this matter and the appeal is dismissed.
 {¶ 2} On August 10, 2001, appellant filed a personal injury suit against appellees seeking recovery for injuries she sustained as a result of a fall. On March 27, 2002, the trial court put on a judgment entry that stated, "Dispositive motions to be filed by 6/27/02. Responses to be filed by 7/29/02. Memo MSJ set 8/9/02, final pre trial 2/6/03 and jury trial set 2/10/03."
 {¶ 3} The trust filed a motion for summary judgment on June 27, 2002. On August 8, 2002, appellant filed a motion for enlargement of time within which to respond to the trust's motion. Warren filed a motion for summary judgment on August 9, 2002. On the same day, the trial court granted the trust's motion for summary judgment. Warren then discovered that its motion for summary judgment was untimely and on August 16, 2002, filed a motion for leave to file a motion for summary judgment.
 {¶ 4} The trial court granted Warren leave by entry dated August 27, 2002. The entry provided for responses to be filed by September 27, 2002. On October 3, 2002, appellant filed a motion asking the trial court to reconsider its grant of summary judgment in favor of the trust and appellant also filed her responses to appellees' motions for summary judgment. On October 4, 2002, the trial court granted appellant's motion for enlargement of time. Also on October 4, 2002, the trial court granted Warren's motion for summary judgment. On November 13, 2002, the trial granted appellant's motion to reconsider and again granted summary judgment in favor of Warren and the trust. On December 12, 2002, appellant filed her notice of appeal from the November 13, 2002, judgment.
 {¶ 5} App.R. 4 provides that a notice of appeal must be filed within thirty days of the final order from which the appeal is taken. This time requirement is jurisdictional. State ex rel. Pendell v. AdamsCty. Bd. of Elections (1988), 40 Ohio St.3d 58, 60. See, also, Donofriov. Amerisure Ins. Co. (1990), 67 Ohio App.3d 272, 276. Therefore, we must determine when the trial court's summary judgment decisions became final appealable orders.
 {¶ 6} An order of an inferior court is final and appealable only if the requirements of R.C. 2505.02 and Civ.R. 54(B), where applicable, are met. Bautista v. Kolis (2001), 142 Ohio App.3d 169, 171, citing, ChefItaliano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86. R.C.2505.02(B) provides:
 {¶ 7} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 8} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 9} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 10} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 11} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 12} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 13} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 14} "(5) An order that determines that an action may or may not be maintained as a class action."
 {¶ 15} None of these requirements are met in the instant case; therefore, we look to Civ.R. 54(B).
 {¶ 16} Civ.R. 54(B) provides:
 {¶ 17} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 18} Such is the situation presented here. The trial court granted summary judgment in favor of the trust on August 9, 2002, but claims remained pending against Warren. Therefore, there was no final appealable order.
 {¶ 19} The August 9, 2002, order was interlocutory and the trial court was free to modify its decision with respect to the trust. However, when the trial court granted summary judgment in favor of Warren on October 4, 2002, the August 9, 2002, order granting summary judgment to the trust merged with the October 4, 2002, entry and both became final appealable orders. Horner v. Toledo Hosp. (1993), 94 Ohio App.3d 282, 289
(stating, "The *** court has complete control over its interlocutory orders until the entry of a final judgment into which they are merged. An appeal from the final judgment would, therefore, bring up all interlocutory rulings affecting the rights finally adjudged. ***All interlocutory orders and decrees are merged in the final judgment.").
 {¶ 20} That appellant had filed a motion for reconsideration of the August 9, 2002, order is of no moment. A request for reconsideration in the trial court is a nullity and a legal fiction that does not suspend the time for filing a notice of appeal. State ex rel. Pendell, at 60, citing Pitts v. Dept. of Transp. (1981), 67 Ohio St.2d 378, 379-381. When the trial court granted summary judgment to Warren on October 4, 2002, it lost the authority to reconsider its August 9, 2002, order. See, e.g.,Peters v. Ashtabula Metro. Hous. Auth. (1993), 89 Ohio App.3d 458, 463, citing Bodo v. Nationwide Ins. Co. (1991), 75 Ohio App.3d 499. Therefore, the trial court's order of November 13, 2002 was a nullity.State ex rel Pendell, at 60.
 {¶ 21} The time for appellant to file her notice of appeal began to run on October 4, 2002. Appellant did not file her notice of appeal until December 12, 2002. Therefore, we lack jurisdiction to consider appellant's assignments of error and this appeal is dismissed.
JUDITH A. CHRISTLEY and WILLIAM M. O'NEILL, JJ., concur.