OPINION
{¶ 1} Plaintiff-appellant, Dean Blaine, Jr. ("Blaine"), appeals the December 3, 2002 judgment entry of the Trumbull County Court of Common Pleas denying his Civ.R. 60(B) motion for relief from judgment and affirming its previous order granting defendant-appellee Southington Local Schools' ("Southington") Civ.R. 56(C) motion for summary judgment. For the reasons stated below, we affirm.
 {¶ 2} Blaine brought suit against Southington for injuries sustained by his daughter, Deanna Blaine ("Deanna"), on March 25, 1997. On the day in question, Deanna was in the sixth grade at the Southington Local School Building. At the end of the day, the sixth-grade students would exit the classroom by a rear door leading to the school buses. The door is believed to be the original door installed when the building was constructed in 1927. The door is free-swinging and fitted with glass panes. As Deanna was leaving the classroom, a gust of wind blew the door shut. Deanna tried to stop the door from closing with her left hand In doing so, Deanna's left hand went through one of the panes of glass, lacerating her wrist.
 {¶ 3} Blaine filed suit on behalf of Deanna against Southington, alleging Southington's negligence in allowing a defective glass door to exist on the school's premises and in failing to properly maintain that door. Southington filed a motion for summary judgment on the grounds that Southington was immune from liability under the political subdivision tort liability act. On September 28, 2001, the trial court granted summary judgment in Southington's favor. On October 9, 2001, Blaine filed a motion for relief from judgment. The trial court denied Blaine's motion for relief on December 3, 2002. This appeal follows.
 {¶ 4} Blaine raises a single assignment of error:
 {¶ 5} "The trial court erred in finding that no genuine issues of material fact exist and that it does not appear from the evidence, construed most strongly in plaintiff-appellant's favor, that reasonable minds could come to but one conclusion, that conclusion being adverse to plaintiff-appellant."
 {¶ 6} Under this assignment of error, Blaine argues that the trial court erred in granting Southington's motion for summary judgment and in finding that Southington was entitled to immunity under the political subdivision tort liability act. Both of these arguments challenge the trial court's grant of summary judgment. Neither argument addresses the court's denial of Blaine's motion for relief from judgment. Blaine has not preserved his right to appeal the trial court's order granting summary judgment. Accordingly, we are without jurisdiction to consider these arguments.
 {¶ 7} Appellate Rule 3(A) provides that "[a]n appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4." Appellate Rule 4 provides in part that this notice shall be filed within thirty days of the judgment or order appealed from. "Where a notice of appeal is not filed within the time prescribed by law, the reviewing court is without jurisdiction to consider the issues that should have been raised in the appeal." State exrel. Pendell v. Adams Cty. Bd. of Elections (1988), 40 Ohio St.3d 58, 60
(citations omitted).
 {¶ 8} In the present case, the trial court granted Southington's motion for summary judgment on September 28, 2001. Pursuant to App.R. 4(A), Blaine had until October 28, 2001, to file a notice of appeal. Blaine has never appealed this order. Instead, Blaine filed a motion for relief from judgment under Civ.R. 60(B) on October 9, 2001. It is well-settled that a Civ.R. 60(B) motion is not a post-judgment motion that suspends the time for filing a notice of appeal. Chester Twp. v.Fraternal Order of Police, Ohio Labor Council, Inc. (1995),102 Ohio App.3d 404, 408 (citations omitted). A Civ.R. 60(B) motion is not a substitute for an appeal and may not be used to circumvent or extend the time for filing an appeal. Blasco v. Mislik (1982),69 Ohio St.2d 684, 686.
 {¶ 9} The notice of appeal filed by Blaine states that he is appealing "the trial court Judgment Entry time-stamped December 3, 2002, denying Plaintiffs' 60(B) motion and granting Defendant Southington Local Schools summary judgment." This description of the trial court's December 3, 2002 judgment entry is inaccurate. That judgment entry unambiguously states that the court is denying Blaine's motion for relief from judgment and that the court will not change its previous order granting summary judgment. Specifically, the court stated that "[a]fter review, this Court finds no reason to grant relief or change its opinion as to the previousgranting of summary judgment in Defendant's favor." (Emphasis added.) The only decision that Blaine could appeal from in the December 3, 2002 judgment entry is the decision to deny the motion for relief from judgment. Contrary to Blaine's notice of appeal, the December 3, 2002 judgment entry did not grant Southington summary judgment.
 {¶ 10} Since Blaine has failed to timely appeal the trial court's order granting Southington's motion for summary judgment, this court is without jurisdiction to consider Blaine's sole assignment of error challenging that order. Blaine has not raised any arguments challenging the court's order denying his motion for relief from judgment. Accordingly, there is nothing for this court to review.
 {¶ 11} Appellate Rule 12(A)(2) provides that a "court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." Under this rule, a court of appeals is not required to consider any issue not argued in the briefs. Chemical Bank ofNew York v. Neman (1990), 52 Ohio St.3d 204, 207. Nothing in the rule, however, prevents an appellate court from considering such an issue in the exercise of its discretion. Id., citing Toledo's Great EasternShoppers City, Inc. v. Abde's Black Angus Steak House No. III, Inc.
(1986), 24 Ohio St.3d 198, 202-203. Although Blaine has failed to raise any specific argument in regards to the motion for relief from judgment, we shall review the trial court's decision to deny it.
 {¶ 12} A trial court's decision to grant or deny a Civ.R. 60(B) motion for relief from judgment is reviewed under an abuse of discretion standard. Streetsboro v. Encore Homes, 11th Dist. No. 2002-P-0018, 2003-Ohio-2109, at ¶ 6, citing State ex rel. Russo v. Deters,80 Ohio St.3d 152, 153, 1997-Ohio-351. An abuse of discretion means that in deciding the motion for relief from judgment, the trial court has acted unreasonably, arbitrarily, or unconscionably. Id., citing Hopkinsv. Quality Chevrolet, Inc. (1992), 79 Ohio App.3d 578, 581.
 {¶ 13} As noted above, a Civ.R. 60(B) motion is not a substitute for an appeal. Blasco, 69 Ohio St.2d at 686. Therefore, a "movant must allege new grounds for Civ.R. 60(B) relief; it may not use the arguments it lost under the judgment to justify relief from that judgment." ElyriaTwp. Bd. of Trustees v. Kerstetter (1993), 91 Ohio App.3d 599, 602
(citation omitted); Encore Homes, 2003-Ohio-2109, at ¶ 10.
 {¶ 14} Blaine based his motion for relief from judgment on counsel's mistake or inadvertence in failing to attach to his brief in opposition to Southington's motion for summary judgment certain excerpts of a deposition transcript referred to in the brief.[1] Civ.R. 60(B)(1). Apart from this inadvertence, however, Blaine makes exactly the same arguments in his motion for relief from judgment as he did in his brief in opposition to Southington's motion for summary judgment. In the brief in opposition, Blaine argues that Southington is liable under R.C.2744.02(B)(4) for "negligently maintain[ing] the glass door by failing to take any action to prevent the door from blowing shut at dismissal time when multiple students would be exiting through the door in close proximity to each other." Blaine further argues that Southington's immunity under R.C. 2744.03(A)(5) for injuries caused by "[t]he choice of materials and design of the building" does not apply since Blaine's claim is for negligent maintenance.
 {¶ 15} In the Civ.R. 60(B) motion for relief from judgment, Blaine makes this same argument using the same language and relying on the same evidence to argue that he has a meritorious claim to present. Blaine argues that the attached deposition transcript "establishes an issue of material fact as to the existence of such negligence." No new fact or circumstance, however, is alleged in the Civ.R. 60(B) motion that was not previously alleged in the brief in opposition to summary judgment. Blaine's motion alleges no new grounds for relief and, therefore, does not satisfy the requirements for Civ.R. 60(B) relief as set forth in GTEAutomatic Elec., Inc. v. Arc Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus (requiring that the moving party be entitled to relief under one of the grounds listed in Civ.R.60(B)(1) to (5)).
 {¶ 16} In its order denying Blaine's motion for relief from the judgment, the trial court recognized that Blaine's motion "is in reality a motion for reconsideration of the Court's decision in granting summary judgment to Defendant on previous motion." A motion for reconsideration is not recognized by the Rules of Civil Procedure and must be considered a "nullity" for all legal purposes. Pendell, 40 Ohio St.3d at 60; Pittsv. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378, 380. This court has held on several occasions that a court need not consider a Civ.R. 60(B) motion for relief from judgment where the true nature of the motion is for reconsideration of a final judgment. Fraternal Order of Police,102 Ohio App.3d at 408; In re Estate of Scafuro (Mar. 17, 1995), 11th Dist. No. 94-A-0014, 1995 Ohio App. LEXIS 970, at *6; Carrabine v. Brown (Aug. 13, 1993), 11th Dist. No. 92-G-1736, 1993 Ohio App. LEXIS 3950, at *7. For the foregoing reasons, we hold that the trial court acted within its discretion by denying Blaine's motion for relief from judgment.
 {¶ 17} We dismiss Blaine's arguments challenging the trial court's grant of summary judgment in favor of Southington for lack of jurisdiction. The decision of the trial court denying Blaine's Civ.R. 60(B) motion for relief from judgment is affirmed.
Judgment affirmed.
DONALD R. FORD, P.J., and JUDITH A. CHRISTLEY, J., concur.
[1] As a practical matter, all depositions relied on by Blaine were taken and filed independently with the court on September 14, 1999, almost two years before Southington even moved for summary judgment. Therefore, it was not necessary that Blaine attach those pages of the depositions referred to in his brief to his brief as this evidence was already before the trial court.