OPINION
{¶ 1} Defendants-appellants, James and Theresa Poppy ("the Poppys"), pro se, appeal from the decision of the Lake County Court of Common Pleas, awarding summary judgment and decree in foreclosure to plaintiff-appellee, Countrywide Home Loans, Inc. dba America's Wholesale Lender ("Countrywide"). For the reasons set forth below, we affirm the decision of the trial court.
 {¶ 2} On April 17, 2002, Countrywide filed a complaint seeking foreclosure of certain real estate owned by the Poppys. In its complaint, Countrywide asserted that it was the owner and holder of a promissory note, executed by the Poppys on July 28, 1998, and that, by reason of their default, Countrywide was owed $298,485.79 plus interest at the rate of 7.375% per annum from October 1, 2001, along with any advance sums forwarded during the pendency of the case. Countrywide further alleged that the aforementioned promissory note was secured by a valid mortgage deed that it held on the property, located at 2086 Lamplighter Lane, Willoughby Hills, Ohio. The complaint also listed as necessary defendants People's Bank, nka First Merit Bank ("People's"), which held a judgment lien against the property, and the Treasurer of Lake County ("Treasurer") for taxes owed. Attached to the complaint were two exhibits, a copy of the promissory note and a certified true copy of the mortgage document. The same day, Countrywide additionally filed with the court a preliminary title examination on the subject property, indicating that title was held in the name of Theresa Poppy. All defendants were properly served.
 {¶ 3} On May 7, 2002, the Poppys, acting pro se, timely filed their answer. Though difficult to discern from the form of their answer, it appears that the Poppys either denied outright or denied sufficient knowledge to answer all of Countrywide's alleged claims. In their answer, the Poppys raised the two affirmative defenses of fraud and failure of consideration, apparently both based on the proposition that the Poppys did not actually receive the loan proceeds in hand. The Poppys, while asserting that they were makers of the promissory note, also alleged, under the heading "Affirmative Defenses" that Countrywide had no actual claim to the note, since the Poppys did not "authorize the endorsement of the note * * * [a]nd that any purported endorsements were * * * the result of forgery by Countrywide." Additionally, the Poppys alleged, under the heading "Payment" that they deposited an amount of money equal to the value of the note with Countrywide and that Countrywide had not returned their deposit. The Poppys also alleged that Countrywide failed to state a claim upon which relief could be granted under Civ.R. 12(b)(6). On the same day, the Poppys filed a counterclaim, in much the same form as their answer, against Countrywide, alleging fraud, forgery, "money lent," breach of contract, and violations of the federal Truth in Lending Laws.
 {¶ 4} On May 28, 2002, Countrywide filed a reply denying all allegations contained within the Poppys' counterclaim, and raising all available defenses. In response to Countrywide's response to their counterclaim, the Poppys, on June 3, 2002, filed a "Verified Objection and Motion to Strike Counter-Defendant's (sic) Answers," apparently taking particular issue with Countrywide's claims being unverified and unsworn, and listing as an "affirmative defense" alleged violations by Countrywide of the Fair Debt Collection Practices Act. The Poppys then incorporated the contents of their original counterclaim and "demanded" that Countrywide's "unverified answers be stricken from the record" and prayed for, among other things, quiet title, dismissal of Countrywide's claim, with prejudice, and "the full value of the note."
 {¶ 5} On June 6, 2002, the Poppys filed with the court "Interrogatories, Requests for Admission and Production of Documents," consisting of 35 written questions, primarily about Countrywide's accounting and banking practices, and served Countrywide with same.
 {¶ 6} On August 9, 2002, the Poppys filed a motion to compel Countrywide to answer discovery requests, alleging that Countrywide failed to answer or to object to their interrogatories within the period allotted under the rules. The court responded with a September 20, 2002 judgment entry, granting the Poppys' motion and ordering Countrywide to respond within 30 days. On the same day, the court, in another judgment entry, denied the Poppys "Verified Objection and Motion to Strike Counter-Defendant's sic) Answers."
 {¶ 7} On January 24, 2003, the court sent a hearing notice to the litigants, scheduling the pre-trial hearing for March 14, 2003.
 {¶ 8} On March 3, 2003, the Poppys filed a motion to dismiss, pursuant to Civ.R. 37(B)(2)(c), based upon Countrywide's failure to respond to their discovery requests, stating that "Plaintiff has held said order of this court to compel discovery in contempt."
 {¶ 9} On March 14, 2003, the pre-trial order was submitted into the record, granting all parties a leave of 14 days to submit dispositive motions, and granting Countrywide an additional 14 days to respond to the Poppys' discovery requests.
 {¶ 10} On March 18, 2003, the Poppys filed their motion for summary judgment, pursuant to "Ohio Rules of Court and the common law doctrines established in American Credit Bureau v. PimaCounty, (Ariz.App. 1979), 596 P.2d 380," alleging that summary judgment is proper since "[the trial] court does not have subject matter jurisdiction as a direct consequence of the lack of verified facts in the complaint; i.e, no contract with bona fide signatures of defendants and supporting affidavits have been placed into the record of this court." The Poppys further stated that summary judgment should be granted because "the plaintiff has `failed to respond to the trial court's Order to Compel Discovery' that the [plaintiff] has `failed to present any verified facts to this court' and `committed fraud on this court by entering into the record an unverified complaint.'" No affidavits or any other supporting documentation were filed with the Poppys' motion for summary judgment.
 {¶ 11} On March 20, 2003, Countrywide filed their Motion for Summary Judgment, with a brief and sworn affidavit in support, a schedule of payment and escrow detail, and certified true copies of the mortgage and promissory note, which "demonstrate the absence of a genuine issue of material fact when viewed in the light most favorable to defendants," and asserting that Countrywide was, therefore, entitled to judgment as a matter of law. On the same day, the Poppys filed a "Notice to the Court," attaching copies of a letter, along with Countrywide's two page response to the Poppy's earlier discovery request, which consisted primarily of objections on the grounds that the requests were not reasonably calculated to lead to admissible evidence. The Poppys, in their notice, alleged that the response was "incomplete, and violates the `Judgment Entry' and the verbal order of the Judge at the pretrial held March 14, 2003." They further alleged that, "due to the fact that plaintiff has failed to verify the complaint, [s]ummary [j]udgment cannot be granted to the plaintiff," and requested that their motion for summary judgment be granted by the court.
 {¶ 12} On April 17, 2003, the trial court issued a judgment entry denying the Poppys' March 3, 2003 motion to dismiss. The court based its decision on its pre-trial order granting an extension of time for Countrywide to respond, along with the Poppys' notice filed with the court, indicating that the responses to their discovery requests were received, but that the Poppys did not consider them satisfactory.
 {¶ 13} On April 21, 2003, the trial court denied the Poppys' motion for summary judgment. On the same day, the trial court granted Countrywide's motion.
 {¶ 14} On May 5, 2003, in response to the court's granting of summary judgment to Countrywide, the Poppys filed a "Motion to Vacate Void Judgment," followed by a "Motion to Vacate Void Judgment/Lawful Objection to Judgment Entry for Plaintiff" on May 14, 2003. Both of the Poppys' motions were subsequently denied by the trial court on May 30, 2003.
 {¶ 15} On June 6, 2003, the Poppys filed a Motion to Reconsider the denial of their "Motion to Vacate Void Judgment." This motion was denied by the trial court on July 1, 2003.
 {¶ 16} On August 8, 2003, after review by all of the parties, the trial court entered its final judgment entry, granting Countrywide summary judgment, setting out the rights of the respective claimants to the property, and ordering the Sheriff of Lake County to foreclose on the property if all balances due to Countrywide were not paid within three days. The court further indicated that this judgment entry constituted a final appealable order of the trial court. On August 21, 2003, an order of sale was issued on the property. On August 28, 2003, the Poppys timely filed a notice of appeal with this court.
 {¶ 17} On appeal, the Poppys raise the following assignments of error: {¶ 18} "[1.] The trial court erred in its failing to consider the Counterclaim and attached affidavit timely filed by the [Poppys].
 {¶ 19} "[2.] The trial court erred when it allowed a defective complaint to proceed to summary judgment.
 {¶ 20} "[3.] The trial court erred when it failed to grant [the Poppys'] Motion to Dismiss.
 {¶ 21} "[4.] The trial court erred when it granted [Countrywide's] Motion for Summary Judgment.
 {¶ 22} "[5.] The trial court erred when it denied [the Poppys'] `Motion to Vacate a Void Judgment.'
 {¶ 23} "[6.] The trial court erred when it refused to enforce its own order to compel [Countrywide] to comply with [the Poppys'] Interrogatories, Requests for Admissions and Production of Documents.
 {¶ 24} "[7.] The trial court erred when it denied [the Poppys'] Motion to Reconsider.
 {¶ 25} "[8.] The trial court erred when it refused to grant due process to [the Poppys] pursuant to Ohio Rules of Civil Procedure.
 {¶ 26} "[9.] The trial court erred with violations of Ohio Civil Rule 60(b) and Ohio Civil Rule 56(c) (sic)."
 {¶ 27} In the interests of judicial economy, we will discuss the Poppys' assignments of error out of order and discuss a number of them together. In their second, fourth and eighth assignments of error, the Poppys argue that summary judgment was improperly granted to Countrywide alleging that "the court ignored the lack of factual evidence required for summary judgment," and that summary judgment was granted on the "sole basis of an attorney brief, nothing more." The Poppys also argue that the court did not construe the "lack of evidence in the light most favorable to the non-moving party (sic)." They base this argument on the assertion that "Countrywide did not produce one piece of credible evidence into the record of the trial court." Finally, they argue that the trial court erred when they allowed a defective complaint to proceed to summary judgment. The Poppys assert that the complaint was defective in that it "does not contain affidavits, depositions answers to interrogatories — nothing to support and/or verify allegations."
 {¶ 28} "Summary judgment is a procedural device to terminate litigation and to avoid formal trial when there is nothing to try. It must be awarded with caution * * *." Murphy v. City ofReynoldsburg (1992), 65 Ohio St.3d 356, 358-359. (citation omitted). Summary judgment is proper when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. SeeHarless v. Willis Day Warehousing Co. (1976), 54 Ohio St.2d 64,66; Civ.R. 56(C). "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Dresher v. Burt,75 Ohio St.3d 280, 293, 1996-Ohio-107. In reviewing a motion for summary judgment, the court must construe the evidence in the light most favorable to the nonmoving party. Civ.R. 56(C). Moreover, an appellate court conducts a de novo review of the trial court's decision to grant summary judgment. Doe v. Shaffer,90 Ohio St.3d 388, 390, 2000-Ohio-186.
 {¶ 29} Countrywide's motion for summary judgment was properly supported by a memorandum of law, affidavits and exhibits attached to and incorporated into the motion. These were used as evidence establishing the absence of a genuine issue of material fact when viewed in the light most favorable to the Poppys. In support of its motion for summary judgment, Countrywide submitted two sworn affidavits by Crystal Coburn, Foreclosure Specialist of Countrywide. The first affidavit attests that the copies of the promissory note and the mortgage deed attached to Countrywide's complaint were true and accurate copies of the original instruments held by Countrywide. The affidavit further stated that Coburn had examined and had personal knowledge of the loan account of James and Theresa Poppy and that the account had an unpaid principal balance of $298,485.79, plus interest at the Note rate of 7.375% per annum due from October 1, 2001, plus sums advanced, and that the account is in default as alleged in Countrywide's complaint. The Affidavit also indicated that a true record of payments on the account is attached and incorporated into this affidavit.
 {¶ 30} Furthermore, a second affidavit by Coburn stated in relevant part, that the account is in default in that the November 1, 2001 payment and all subsequent payments due and payable were not made and that Countrywide has elected to call the entire balance of the account due and payable, in accordance with the terms of the note and mortgage. The affidavit further indicated that the total amount due and payable since October 1, 2002 included $298,485.79 in unpaid principal, $12,755.66 in interest from October 1, 2002, to April 30, 2002, and advances of $1,842.80. Countrywide also included a copy of payment detail on the account with the aforementioned certified copies of the note and mortgage.
 {¶ 31} Since Countrywide satisfied their burden under Civ.R. 56(C), the Poppys now had the reciprocal burden to present some specific facts that there was a genuine issue of material fact for trial. The Poppys, in fact, made no response at all to Countrywide's motion for summary judgment and, therefore, raised no genuine issue of material fact. Even if the motion for summary judgment previously submitted by the Poppys could be construed as a "response," the Poppys still bore the responsibility of pointing to some evidence in the record, and supporting it, to raise a genuine issue of material fact. See Civ.R. 56(E). ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.") See, also, Cardinal Federal Savings Bank v.Bambeck (Feb. 6, 1996), 8th Dist. No. 50093, 1986 Ohio App. LEXIS 5568, at *13; Chase Manhattan Mortgage Corp. v. Locker,
2nd Dist. No. 19904, 2003-Ohio-6665 at ¶ 23. The Poppys failed to meet their burden.
 {¶ 32} Finally, the Poppys' argument that summary judgment was improper because Countrywide's complaint was defective due to its failure to contain affidavits, depositions, answers to interrogatories or anything to support or verify allegations made in the complaint misapprehends the Ohio Rules of Civil Procedure with respect to pleadings. Civ.R. 11 provides that, "[e]xcept when otherwise specifically provided by these rules, pleadings need not be verified or accompanied by affidavit." Taken together with Civ.R. 10(D), which states, "[w]hen any claim or defense is founded on an account or other written instrument, a copy thereof must be attached to the pleading. If not so attached, the reason for the omission must be stated in the pleading." Therefore, the copies of the note and the mortgage are all that is required in terms of documentation for filing a mortgage foreclosure action.Beneficial Mortgage of Ohio v. Jacobs, 2nd Dist. No. 01CA0080, 2002-Ohio-3162 at ¶¶ 9-10. Since Countrywide did attach copies of both the promissory note and the mortgage agreement, this argument is also without merit.
 {¶ 33} Since the Poppys failed to establish a genuine issue of material fact and since Countrywide's complaint was not defective, summary judgment was properly granted in favor of Countrywide. The Poppys' second, fourth and eighth assignments of error are without merit.[1]
 {¶ 34} We now discuss the Poppys' first assignment of error regarding the trial court's alleged failure to consider the Poppys' counterclaims. We note that the allegations in the counterclaim are substantially identical to the defenses raised in the Poppys' answer, specifically, fraud; forgery, in particular a forged "endorsement" of the note the Poppys made; "money lent"; breach of contract or implied agreement; and "violations of Truth in Lending Law." We note that a number of these could potentially be sufficient defenses to the cause of action, particularly fraud or forgery. However, Civ.R. 9(B) provides that fraud is a special matter in terms of pleadings, and "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." In our review of the Poppys' counterclaim, they failed to do so as required. Furthermore, even though references to both a "lack of bona fide signatures on the contract" and fraud were addressed in the Poppys' motion for summary judgment, neither was supported by evidence as required by Civ.R. 56. Since the Poppys both failed to respond at all to Countrywide's motion for summary judgment as required by Civ.R. 56(E), and failed to support their own motion for summary judgment with any evidence as required by Civ.R. 56(C), they cannot now say that the court failed to consider their counterclaims. Therefore, the Poppys' first assignment of error is without merit.
 {¶ 35} In the Poppys' third assignment of error, they argue that, since Countrywide violated the court's discovery order, their motion to dismiss should have been granted.
 {¶ 36} A trial court's imposition of discovery sanctions is typically reviewed only for an abuse of discretion. Nakoff v.Fairview Gen. Hosp., 75 Ohio St.3d 254, 256, 1996-Ohio-159. An abuse of discretion consists of more than an error of law or judgment. Rather, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Berk v. Matthews
(1990), 53 Ohio St.3d 161, 169 (citation omitted). Reversal, under an abuse of discretion standard, is not warranted merely because appellate judges disagree with the trial judge or believe the trial judge erred. Id. Reversal is appropriate only if the abuse of discretion renders "the result * * * palpably and grossly violative of fact and logic [so] that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." State v. Jenkins (1984),15 Ohio St.3d 164, 222 (citation omitted). When a trial court imposes sanctions, particularly those that forever deny a plaintiff review on the merits, as in Civ.R. 37(B)(2)(c), the standard of review is much higher than a simple abuse of discretion standard.Jones v. Hartranft (1997), 78 Ohio St.3d 368, 371-372; 1997-Ohio-203.
 {¶ 37} The text of Civ.R. 37(B)(2) provides, in relevant part, that "[i]f any party * * * fails to obey an order to provide or permit discovery * * * the court * * * may make such orders in regard to the failure as are just." Therefore, the court may or may not, in its discretion, impose any sanction under the rule for violation of discovery orders.
 {¶ 38} In the instant case, the trial court granted the Poppys' motion to compel on August 9, 2002. The Poppys filed their motion to dismiss based on Civ.R. 37(B)(2) on March 3, 2003, some five months later. The record indicates that during the course of the case in the trial court, three different attorneys were counsel of record for Countrywide. The record also indicates that the trial court granted, at the March 14, 2003 pretrial meeting, a fourteen day extension to Countrywide so that they could comply with the Poppys' discovery requests. The record further indicates that answers to the discovery request were provided within that period, and that the Poppys were not prejudiced by the delay. Therefore, we cannot say that the court, in denying the Poppys' motion to dismiss, abused its discretion. We, therefore, hold that the Poppys' third assignment of error is without merit.
 {¶ 39} In their sixth assignment of error, the Poppys argue that the trial court erred in not enforcing its own order compelling Countrywide to comply with the Poppys' discovery requests. As discussed above, the trial court, at the pretrial meeting, granted Countrywide an extension in which to respond and that Countrywide responded to the discovery requests within the allotted period of time. We hold, therefore, that the Poppys' sixth assignment of error is without merit.
 {¶ 40} In their seventh assignment of error, the Poppys argue that the trial court erred in failing to consider their motion for reconsideration following its entry of summary judgment. It is well settled that a motion for reconsideration from a final judgment in the trial court is a nullity. See Pitts v. Dept. ofTransp. (1981), 67 Ohio St.2d 378, 379; Blaine v. SouthingtonLocal Schs., 11th Dist. No. 2002-T-0180, 2003-Ohio-6238, at ¶ 16; Crowley v. Warren, 11th Dist. No. 2002-T-0177, 2003-Ohio-5692, at ¶ 20. Since the trial court's granting of summary judgment was a final judgment, we find the Poppy's seventh assignment of error is without merit.
 {¶ 41} In their fifth and ninth assignments of error, the Poppys' argue that they were entitled to a vacation of judgment. Their argument presumably hinges on the application of Civ.R. 60(B), which governs motions for post judgment relief in the trial court.
 {¶ 42} To succeed on a Civ. R. 60(B) motion, the movant must demonstrate that: 1) the movant has a meritorious defense or claim if relief were granted; 2) the party is entitled to relief under one of the grounds stated in Civ. R.60(B)(1) through (5); and 3) the motion is made within a reasonable time, not to exceed one year where the grounds for relief are Civ.R. 60(B)(1), (2) or (3). GTE Automatic Elec., Inc. v. ARC Indus., Inc. (1976),47 Ohio St.2d 146, at paragraph two of the syllabus. In addition, in order to prevail, these three factors must be demonstrated by affidavit or other evidentiary material, such as those contemplated by Civ. R. 56. CIT Financial Services. v. Lazzano
(Jun. 26, 1980), 8th Dist. No. 40606, 1980 Ohio App. LEXIS 12096, at *3. Civ.R. 60(B) "seeks a balance between the need for finality and the need for fair and equitable decisions based upon full and accurate information." In re Whitman,81 Ohio St.3d 239, 242, 1998-Ohio-466. As a remedial rule, Civ.R. 60(B) is to be liberally construed. Colley v. Bazell (1980),64 Ohio St.2d 243, 248. The determination of whether to grant a movant's 60(B) motion is within the discretion of the trial court, Whitman,81 Ohio St.3d at 242, and will not be overturned absent an abuse of discretion. Taylor v. Haven (1993), 91 Ohio App.3d 846, 849;McCann v. Lakewood (1994), 95 Ohio App.3d 226, 235.
 {¶ 43} Civ.R. 60(B) provides, in relevant part, that "[o]n motion and upon such terms as are just, the court may relieve a party * * * from a final judgment * * * for the following reasons: 1) mistake, inadvertence, surprise or excusable neglect; 2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial * * *; 3) fraud, * * * misrepresentation or other misconduct of an adverse party; 4) the judgment has been satisfied, released or discharged * * *; or 5) any other reason justifying relief from the judgment."
 {¶ 44} The Poppys filed two separate "motions to vacate void judgment." The motions are virtually identical, and, while referencing Civ.R. 60(B), the Poppys set forth only one reason under the rule, an allegation of forgery that would constitute a good defense, had the alleged evidence been newly discovered. However, they submit no evidentiary materials in the form of affidavits or otherwise with the motion to support their claim and as such, do not satisfy the rule. A bare submission alleging forgery as a defense is insufficient to justify relief from judgment under Rule 60(B). Lazzano, 1980 Ohio App. LEXIS 12096, at *4. We, therefore, cannot find that the trial court abused its discretion in denying the Poppys' two motions to vacate judgment, and thus, the Poppys' fifth and ninth assignments of error are without merit.
 {¶ 45} For the foregoing reasons, we find all of the aforementioned assignments of error to be without merit. The decision of the Lake County Court of Common Pleas is affirmed.
O'Neill, J., Rice, J., concur.
[1] Although the Poppys proceeded pro se in the case at bar, "[l]itigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants." Yocum v. Means, 2nd Dist. No. 1576, 2002-Ohio-3803, at ¶ 20, citing Kilroy v. B.H. Lakeshore Co.
(1996), 111 Ohio App.3d 357, 363. See, also, Wallace v. RockyRiver, 8th Dist. No. 80182, 2002-Ohio-3901 at ¶ 17 ("Although the appellant is a pro se litigant, she must still adhere to the basic tenets of civil procedure.").