OPINION
{¶ 1} Petitioner-appellant, James Stojkov, appeals the February 24, 2004 judgment entry of the Trumbull County Court of Common Pleas, Probate Division, denying his motion to vacate the court's prior February 5, 2004 judgment entry ordering Stojkov to undergo a psychological evaluation. For the following reasons, Stojkov's appeal is dismissed as moot.
 {¶ 2} In August 2001, Stojkov filed a petition in Trumbull County Probate Court to adopt his step-children, Adam and Alexander. At this time, Richard Earnhardt, the children's natural father, opposed the adoption. A hearing was held on Stojkov's petitions in which the probate court determined that Earnhardt's consent was required before the adoptions could proceed. Stojkov appealed the probate court's decision to this court. See In re Stojkov, 11th Dist. Nos. 2002-T-0151 and 2002-T-0152, 2003-Ohio-705. We affirmed the probate court's judgment, noting that Earnhardt had attempted "to give gifts to his children, to provide them with medical coverage, and to make a payment toward their living expenses," but Stojkov and the children's birth mother, Candace Stojkov, refused to accept Earnhardt's support. Id. at ¶ 15.
 {¶ 3} On June 3, 2003, Stojkov re-filed the petitions to adopt Adam and Alexander, again asserting that Earnhardt's consent was not necessary for the adoptions. On September 3, 2003, Earnhardt voluntarily gave his consent to Stojkov's adoption of Adam and Alexander.
 {¶ 4} On November 10, 2003, the Trumbull County Children Services Board informed the probate court that, in order to complete the statutorily mandated home study, Stojkov, Adam, Alexander, Candace and Earnhardt needed to be evaluated by Dr. Michael Leech. Trumbull Children Services explained in its motion that the evaluations were necessary "to determine if it is in the best interest of the * * * children to have their relationship severed with their birth father."
 {¶ 5} On February 5, 2004, the probate court ordered the petitioners to undergo evaluation by Dr. Leech. In response, Stojkov filed a Motion to Vacate Entry Dated February 5, 2004 and/or Motion for Evidentiary Hearing. On February 24, 2004, the probate court overruled Stojkov's motion to vacate. On March 19, 2004, Stojkov filed a notice of appeal of the probate court's February 24, 2004 judgment entry denying his motion to vacate.[1]
 {¶ 6} On appeal, Stojkov raises the following assignment of error: "The trial court abused its discretion in issuing an order requiring appellant to perform an evaluation `to determine if the severing of the parental relationship with [the children's] birth father would be detrimental' without complying with Civ.R. 35(A)."
 {¶ 7} On September 15, 2005, the Trumbull Children Services Board filed in the probate court a Notice of Withdrawal of Request for Evaluation. On September 19, 2005, the probate court vacated its February 5, 2004 judgment entry ordering petitioners to undergo evaluation by Dr. Leech.
 {¶ 8} Due to the appeal pending in this court, the probate court lacked jurisdiction to enter judgment vacating its order that petitioners undergo evaluation. Daloia v. Franciscan HealthSys. of Cent. Ohio, Inc., 79 Ohio St.3d 98, 101 fn. 5, 1997-Ohio-402 ("when an appeal is pending before a court of appeals, the trial court is divested of jurisdiction except to take action in aid of the appeal").
 {¶ 9} Since the vacation of the evaluation order would be dispositive of the sole issue raised on appeal, this court remanded the case to the probate court to allow the court to vacate the evaluation order. On October 6, 2005, the probate court again vacated its February 5, 2004 judgment entry ordering petitioners to undergo evaluation by Dr. Leech.
 {¶ 10} "Ordinarily when there is no case in controversy or any ruling by an appellate court that would result in an advisory opinion, there will be no appellate review unless the underlying legal question is capable of repetition yet evading review."State v. Bistricky (1990), 51 Ohio St.3d 157, 158, citingStorer v. Brown (1974), 415 U.S. 724, 737 fn. 8; CincinnatiGas Elec. Co. v. Pub. Utils. Comm. of Ohio,103 Ohio St.3d 398, 2004-Ohio-5466, at ¶ 15 ("That an appellate court need not consider an issue, and will dismiss the appeal, when the court becomes aware of an event that has rendered the issue moot is a proposition of law that harks back almost a century.") (citations omitted).
 {¶ 11} Despite the fact that Stojkov obtained the relief sought by appeal to this court, Stojkov has continued to prosecute the present appeal. Since the underlying case in controversy ceased to exist with the vacation of the entry ordering evaluation, there is no conceivable relief that this court could grant Stojkov. The continued prosecution of this appeal is without justification.
 {¶ 12} This is not an issue that evades review. Were there anexisting order that Stojkov undergo a psychological examination, that order would be subject to review.
 {¶ 13} Moreover, it is undisputed that the probate court has the authority to order psychological examinations of the parties involved in adoption proceedings. Ohio Civil Rule 35(A) authorizes a trial court to order mental and physical evaluations "for good cause shown" when a person's mental or physical condition "is in controversy." Trumbull Children Services, as the "assessor" of Stojkov's petitions to adopt, is charged with preparing a home study "for the purpose of ascertaining whether a person seeking to adopt * * * is suitable to adopt." R.C.3107.031. The Ohio Supreme Court, broadly construing R.C.3107.14(C), has held that "adoption matters must be decided on a case-by-case basis through the able exercise of discretion by the trial court giving due consideration to all known factors in determining what is in the best interest of the person to be adopted." In re Adoption of Charles B (1990), 50 Ohio St.3d 88, paragraph three of the syllabus.
 {¶ 14} The precise issue raised by Stojkov's appeal is not whether the probate court had the authority to order the evaluations, but whether, under the particular circumstances ofthis case, the trial court erred by ordering evaluations. This is a case specific determination. The fact that trial courts are capable, as well as authorized, to order psychological evaluations is capable of repetition; the case specific nature of Stojkov's appeal is not capable of repetition. Appellate review is intended to correct error in the lower court proceedings, not to address an issue that has already been corrected or properly addressed by the court below. In this case, the trial court has placed this action in the correct posture by vacating its prior order concerning a psychological examination. There is no issue "in controversy" before this court. Moreover, there is no evidence in the record of a "reasonable expectation" that the psychological examination issue will arise again in the future in this case.
 {¶ 15} For the foregoing reasons, the present appeal is dismissed.
O'Toole, J., concurs in judgment only,
O'Neill, J., dissents with a Dissenting Opinion.
[1] Stojkov failed to appeal the probate court's judgment ordering him to undergo psychological evaluation. Instead, Stojkov filed a "motion to vacate" which was, in substance, a motion for the court to reconsider its February 5, 2004 judgment entry. We have often held that a motion for reconsideration from a final order in the trial court is a nullity and cannot serve as the basis for an appeal. Countrywide Home Loans, Inc. v. Poppy,
11th Dist. No. 2003-L-134, 2004-Ohio-5936, at ¶ 40, citing Pittsv. Dept. of Transp. (1981), 67 Ohio St.2d 378, 379; Blaine v.Southington Local Schools, 11th Dist. No. 2002-T-0180,2003-Ohio-6238, at ¶ 16. Therefore, even if Stojkov's appeal were not moot, he has not properly preserved the issue for review.