OPINION
{¶ 1} Appellant, Annette G. Stone, appeals from the denial of her motion for relief from judgment. The motion sought to bring the trial court's attention to the fact that it had entered an order that ignored her motion to modify parental rights and, instead, changed parental rights pursuant to a motion filed subsequently by her ex-husband. On review, we reverse the judgment entry of the trial court and remand this matter for further proceedings.
 {¶ 2} Annette Stone and appellee, Buddy D. Stone, were divorced by the Portage County Common Pleas Court, Domestic Relations Division, on November 19, 1992. At that time, Annette Stone was designated as the residential parent and custodian of the parties' two minor children, who were then seven years old and five years old.
 {¶ 3} In 1999, parental rights, i.e. custody, of the older child was changed to Buddy Stone. The younger child continued to reside with Annette Stone. Then, in 2001, custody of the older child was returned to Annette Stone and, again, the younger child continued to reside with her. Custody of the older child was again changed in 2002, when the custody of the older child was given to Buddy Stone.
 {¶ 4} On April 1, 2003, Annette Stone filed two motions. The first motion sought reimbursement for medical expenses for the two children; and the second motion sought to modify parental rights of the older child. As of that date, the two children were seventeen years of age and fifteen years of age.
 {¶ 5} On July 8, 2003, Buddy Stone filed a motion for change of custody of the younger child. On August 5, 2003, the magistrate issued a decision, following an in camera interview with the younger child, which agreed that custody of the younger child should be changed to Buddy Stone on six-month trial basis.
 {¶ 6} On January 13, 2004, Buddy Stone filed a motion to modify child support on the ground that both children were living with him.
 {¶ 7} Between January 13, 2004 and March 15, 2004, the trial court took the following actions: a hearing was set for February 19, 2004, but it was continued; a new hearing date was set for February 25, 2004, but four days after the hearing date was set, the attorney for Annette Stone filed a motion to withdraw as counsel, which was granted; a new attorney, Attorney Corso, entered an appearance in behalf of Annette Stone; and a status hearing was set for March 16, 2004.
 {¶ 8} On April 28, 2004, the trial court advised the parties that proposed judgment entries must be submitted to the court by May 12, 2004, or all the motions then pending would be dismissed. There is no indication in the record that a hearing took place between March 16, 2004, the date set for status hearing, and April 28, 2004, the date of the notice. There is no magistrate's decision indicating that a magistrate's hearing took place in March 2004. Nevertheless, the trial court entered an order on May 5, 2004, which recited that a hearing had taken place on March 15, 2004 [not March 16, 2004].
 {¶ 9} The judgment entry of May 5, 2004 recited that Annette Stone's motion for reimbursement of medical bills was dismissed; that Buddy Stone was designated as the residential parent and custodian of the younger child; and that Annette Stone was ordered to pay child support for both children. The order reads, in pertinent part:
 {¶ 10} "This cause came for hearing on this 15th day of March, 2004 and was duly heard before the Honorable Douglas Sendry, Magistrate of the Court of Common Pleas upon the motion of both parties.
 {¶ 11} "Upon due consideration thereof, the Court finds that [Annette Stone's] motion for medical bill reimbursement is hereby dismissed without prejudice. The Court finds that [the younger child] shall live with [Buddy Stone] as he has done since August of 2003. The Court finds that [the older child] is currently enrolled in high school as a junior although he has reached the age of eighteen. The court finds that [Annette Stone] shall pay support for [the older child] until he graduates from high school or is otherwise emancipated."
 {¶ 12} Except for the order to pay child support for the older child, the judgment entry of May 5, 2004 made no order or other disposition with respect to Annette Stone's motion to modify parental rights filed on April 1, 2003.
 {¶ 13} Annette Stone came to learn of the child support order entered by the trial court when her paycheck had the child support payments deducted from it in July 2004.
 {¶ 14} On September 22, 2004, Annette Stone filed motion to modify child support on the ground that the older child had been emancipated. The older child turned nineteen years of age in October 2004. The trial court granted that motion on November 23, 2004.
 {¶ 15} On April 25, 2005, Annette Stone again filed a motion to have medical expenses reimbursed to her.
 {¶ 16} On May 2, 2005, Annette Stone filed a motion for relief from the judgment of May 5, 2004. Her affidavit attached to the motion stated that her attorney at that time did not advise her of the March 15, 2004 status conference nor of the May 5, 2004 judgment entry. In her affidavit, she also said, contrary to the judgment entry, that her older child had been living with her since September 2002 and that her younger child had been living with her since April 1, 2003 until some time thereafter. Thus, she asserted "excusable neglect" under Civ.R. 60(B)(1) as a ground for her motion, and "fraud" by her ex-husband under Civ.R. 60(B)(3) and (B)(5) as a further ground for her motion.
 {¶ 17} On July 11, 2005, the magistrate decided that Annette Stone's motion for relief from judgment was not well taken, but that her second motion for reimbursement of medical bills was properly before the court, because the first such motion was dismissed without prejudice. Annette Stone's motion for medical bill reimbursement was reset for hearing on another date.
 {¶ 18} The magistrate's decision of July 11, 2005 contained no findings of fact or conclusions of law. At the bottom of the decision, in bold type, was the following caution:
{¶ 19} "A party shall not assign as error on appeal thecourt's adoption of any finding of fact or conclusions of lawunless the party timely and specifially [sic] objects to thatfinding or conclusion as required by Civ.R. 53(E)(3)."
 {¶ 20} Civ.R. 53(E)(3) provides, in pertinent part, as follows:
 {¶ 21} "(3) Objections.
 {¶ 22} "(a) Time for filing. A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision * * *.
 {¶ 23} "(b) Form of objections. Objections shall be specific and state with particularity the grounds for objection.
 {¶ 24} "(c) Objections to magistrate's findings of fact. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available.
 {¶ 25} "(d) Waiver of right to assign adoption by court as error on appeal. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 26} Annette Stone filed objections to the magistrate's decision. Her objections stated that the judgment entry of May 5, 2004 failed to consider her motion to modify parental rights filed April 1, 2003, though such motion was pending at that time; that said judgment entry resulted in her paying child support to her ex-husband, even though the two minor children were in her care; and that she received no notice of hearing prior to the May 5, 2004 judgment entry, nor did her attorney inform her of same. The trial court overruled the objections, finding that no transcript or other stipulation had been filed. The trial court's entry was dated July 27, 2005. Annette Stone filed a timely notice of appeal from this latter judgment entry.
 {¶ 27} In her appeal, Annette Stone has raised a single assignment of error:
 {¶ 28} "The court erred in failing to grant appellant's motion for relief from judgment."
 {¶ 29} "In an appeal from a Civ.R. 60(B) determination, a reviewing court must determine whether the trial court abused its discretion. * * * An abuse of discretion connotes conduct which is unreasonable, arbitrary, or unconscionable. * * * In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must establish that `(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.'"[1]
 {¶ 30} Annette Stone argues that the trial court erred in overruling her objections and denying her motion for relief from judgment. She asserts that no transcript or other stipulations of evidence were required to be filed.
 {¶ 31} Annette Stone asserts that her objections and her motion for relief from judgment advanced issues of law, not fact, and that no transcript or stipulations were necessary to consider only issues of law. We agree that a transcript of a magistrate's hearing does not have to be filed in all cases.[2]
 {¶ 32} We reverse the judgment entry of the trial court, because of the legal issue raised in Annette Stone's motion for relief from judgment and because the confusing state of the record supports her grounds for relief under Civ.R. 60(B).
 {¶ 33} In her motion for relief from judgment, which she filed within one year of the May 5, 2004 judgment entry, Annette Stone asked the trial court to vacate its previous entry of May 5, 2004. Her motion for relief from judgment asserted that her prior motion to modify parental rights, which she filed on April 1, 2003, was never considered by the magistrate or by the trial court. Our review of the record makes it clear that this was the case.
 {¶ 34} Annette Stone's motion to modify parental rights filed on April 1, 2003 asked the trial court to modify custody with respect to the older child. This motion was never disposed of in a magistrate's decision or the trial court's judgment entry. Only Buddy Stone's motion to change the custody of the younger child was adjudicated in the judgment entry of May 5, 2004. As a result, according to her allegations, she paid child support to her ex-husband for a child (the older child) in her custody between November 2002 and October 2004, when the older child turned nineteen years of age. Had the trial court, in its judgment entry of May 5, 2004, adjudicated her motion to modify parental rights of the older child as per her motion filed April 1, 2003, the inequity of her paying child support for a child in her care and custody could have been rectified. This was a meritorious claim not considered by the trial court.
 {¶ 35} In addition, in her motion for relief from judgment, Annette Stone raised issues of excusable neglect under Civ.R. 60(B)(1) and fraud under Civ.R. 60(B)(3), respectively. These were factual issues upon which the magistrate was required, under Civ.R. 53(E)(2), to make findings of fact and conclusions of law. However, the magistrate's decision of July 11, 2005 contained no findings of fact or conclusions of law. The magistrate's decision stated that her motion was not "well taken," and was, therefore, denied. It was anomalous, therefore, for the trial court to require a transcript of proceedings to challenge findings of fact and conclusions of law where none were furnished in the magistrate's decision. For this reason, we find that Annette Stone's motion for relief from judgment was timely filed and presented a meritorious claim on a legal issue that should have been considered by the trial court. It was error for the trial court not to have considered her claim.
 {¶ 36} Moreover, the confusing state of the record gives substance to Annette Stone's claim that excusable neglect existed that would have justified the vacation of the judgment entry dated May 5, 2004. Specifically, except for the recital in the judgment entry of May 5, 2004, that a magistrate's hearing took place on March 15, 2004, nothing else in the record supports this conclusion. Buddy Stone's brief is not helpful in this regard. He argues that the grounds of Civ.R. 60(B) entitling Annette Stone to relief from judgment are not satisfied, but he does not state that a hearing on the merits of her motion took place before a magistrate on March 15 or March 16, 2004.
 {¶ 37} If such a hearing took place, Civ.R. 53 would require that a magistrate's decision should have resulted from such hearing.[3] No such decision is found in the record. Compounding this omission are these additional items in the record:
 {¶ 38} The hearing notice issued by the court indicated a status hearing for March 16, 2004, not March 15, 2004.
 {¶ 39} The judgment entry of May 5, 2004 recites that the matter was heard upon "the motion of both parties," but does not further indicate whether that "motion" was a joint motion, or whether each party had filed his/her own motion. The reference to a "motion" is not clear.
 {¶ 40} Correspondence in the record from the magistrate to Attorney Goodman, attorney for Annette Stone, indicates that "[t]he Judgment Entry of May 5, 2004 disposed of both parties [sic] parenting motions," but the judgment entry nowhere makes it clear that it was ruling on Annette Stone's motion or Buddy Stone's motion. No specific disposition of either party's motion to modify parental rights is contained in the judgment entry.
 {¶ 41} The judgment entry of May 5, 2004 did not specifically rule on Annette Stone's motion to modify parental rights, though it did rule on her motion for medical expense reimbursement filed the same day.
 {¶ 42} On remand, the trial court shall conduct a hearing on Annette Stone's motion for relief from judgment. At that time, it shall consider the arguments advanced under Civ.R. 60(B) regarding excusable neglect and fraud. The state of the record is such that this court is unable to give these issues any meaningful review at this time.
 {¶ 43} The assignment of error has merit.
 {¶ 44} The judgment entry of the trial court is reversed, and this matter is remanded to the trial court for further proceedings consistent with this opinion.
Rice, J., O'Toole, J., concur.
[1] (Internal citations omitted.) State ex rel. Russo v.Deters (1997), 80 Ohio St.3d 152, 153-154, quoting GTEAutomatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus. See, also, Blaine v.Southington Local Schools, 11th Dist. No. 2002-T-0180,2003-Ohio-6238, at ¶ 12.
[2] See, e.g., Knox v. Knox, 4th Dist. No. 03CA13,2004-Ohio-428, at ¶ 11.
[3] Civ.R. 53(E)(1).