DECISION AND JUDGMENT ENTRY
{¶ 1} Julie A. Beasley ("Wife") appeals the judgment of the Adams County Court of Common Pleas, overruling her objections to the magistrate's decision, terminating her marriage to Terry R. Beasley ("Husband"), and dividing the parties' real and personal property. In her sole assignment of error, Wife contends that the trial court failed to equally or equitably divide the parties' marital property as required by R.C. 3105.171(C)(1). Specifically, Wife contends that the trial court erred by arbitrarily valuing the household goods, retained by Wife, at $50,000 and then ordering Wife to pay Husband $6,000 to equalize the property division. Because we find that Wife failed to properly raise this error in her objections to the magistrate's decision below, we conclude that she is barred from assigning it as error on appeal. Accordingly, we overrule Wife's sole assignment of error and affirm the trial court's judgment.
 I. {¶ 2} The parties married on March 17, 1989 and have two children born as issue of the marriage, namely Kristi (DOB: 9/20/1990), and Ryan (DOB: 5/15/92). Wife filed her complaint for divorce in August 2003. The magistrate conducted the final hearing of the matter on June 30, 2004, at which time he heard testimony from both parties and admitted several exhibits into evidence. On December 21, 2004, the magistrate issued his decision terminating the parties' marriage, awarding custody of the parties' children, establishing child support and visitation, and allocating the parties' marital property and debts. The day that the magistrate issued his decision, the trial court issued a judgment entry adopting the decision in its entirety.
 {¶ 3} The magistrate's decision awarded Wife: (1) $53,000 equity in the marital residence; (2) the household goods, furniture, and other personal property in her possession in the marital home, assigning those goods a value of $50,000; (3) her car and the debt associated therewith. The magistrate's decision also awarded Husband: (1) his entire State Teachers Retirement System of Ohio account, valued at $54,000; (2) two annuities, valued at $27,000; (3) the personal property that Husband took with him when he left the marital home, including tools valued at $10,000; (4) his car, and any debt associated therewith.
 {¶ 4} The magistrate found that: "The total amount of equity in the marital home, the personal property of the parties, the annuities, and the retirement account is $194,000."[1] The magistrate then noted that Husband retained property valued at $91,000, while Wife retained property valued at $103,000. Accordingly, to equalize the property distribution, the magistrate ordered Wife to pay Husband $6,000 within six months of the journalization of the decision.
 {¶ 5} Wife timely filed the following objections to the magistrate's decision: (1) "The Magistrate's Decision is against the weight of the evidence and will be insufficient to support the findings of fact and conclusions of law in this matter." (2) "[Wife] states the division of marital and separate property is inequitable, unfair and unjust pursuant to the factors stated in O.R.C. § 3105.171." (3) "The Magistrate erred in calculating the values of the property distributed to the parties. Specifically, the Magistrate erred in failing to give [Wife] credit for the mortgage on the marital home and adding the debt to the parties' division of assets." (4) "The Magistrate erred in failing to order distribution and future allocation and responsibility of the parties' life insurance policies as testified by the parties." (5) "The Magistrate further erred in calculating child support by the [Husband] to the [Wife]." (6) "The Magistrate erred in calculating spousal support from the [Husband] to the [Wife] in terms of the duration of the award." (7) "The Magistrate further erred in not issuing an Order allowing [Wife] to exercise her Cobra (sic) rights and remain on Husband's health insurance coverage." (8) "The Magistrate erred in failing to order that [Wife] be allowed to claim the children as dependents on her federal, state, and local income tax returns in the event she should become gainfully employed for tax purposes."
 {¶ 6} On February 23, 2005, Wife filed a "SUPPLEMENT MEMORANDUM TO HER OBJECTIONS TO MAGISTRATE[']S DECISION[.]" In that memorandum, Wife claims that the most blatant error in the magistrate's decision is the valuation and division of the household furnishings. Wife specifically contends that the trial court arbitrarily set the value of the household goods at $50,000 where: (1) the evidence adduced at trial demonstrated that, pursuant to the parties' homeowner's insurance policy, the replacement value of the household contents was $73,000, or one half of the home's insured value; and (2) Wife testified that the actual value of the household goods was much less. Instead, Wife suggests that the actual value of the household goods in her possession is no more than $10,000 — making it equal to the personal property retained by Husband. Therefore, in her memorandum, Wife suggests that the court should award her one of the marital annuities, valued at $13,000, to equalize the property distribution.
 {¶ 7} On January 31, 2006, the trial court issued a journal entry ruling upon Wife's objections to the magistrate's decision. In its entry, the court noted that Wife's objections were timely filed. However, the court also stated: "The Court finds no authority to permit the supplement of Objections or Memorandums to the Decision of the Magistrate, especially 40 days after defendant's Response to the Objections. Plaintiff's counsel failed to obtain leave of Court to supplement the Memorandum that had been filed, and therefore the Court will not consider the plaintiff's Supplemental Memorandum to her Objections to the Magistrate's Decision. The court finds no Statutory Authority, nor does Civil Rule 53 provide leave for a Memorandum to Objections being supplemented." The court then went on to overrule each of Wife's objections and adopt the magistrate's decision in its entirety.
 {¶ 8} Wife timely appeals, raising the following assignment of error: "THE TRIAL COURT FAILED TO COMPLY WITH THE MANDATES OF SECTIONS 3105.171 OF THE OHIO REVISED CODE, THEREBY FAILING TO MAKE AN EQUITABLE DIVISION OF MARITAL PROPERTY."
 {¶ 9} In her sole assignment of error, Wife contends that the trial court failed to equitably divide the marital property. Specifically, Wife contends that the trial court's division of the marital property was inequitable because the trial court arbitrarily placed a value of $50,000 upon the household goods she retained in her possession.
 {¶ 10} In contrast, Husband contends that the trial court's valuation of the household goods is not against the manifest weight of the evidence. In support of his contention, Husband notes that the only evidence adduced at trial regarding the value of the property was Wife's own testimony that she believed the value of the personal property was $73,000.
 {¶ 11} Initially, we must determine whether Wife has preserved her assignment of error for appeal. Civ.R. 53(E)(3)(a) provides, in relevant part, that "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, regardless of whether the court has adopted the decision pursuant to Civ. R. 53(E)(4)(c)." Pursuant to Civ.R. 54(E)(3)(b), "Objections shall be specific and state with particularity the grounds of objection." Civ.R. 54(E)(3)(c) provides that if a party objects to the magistrate's findings of fact, the objections must be supported by a transcript of all of the evidence submitted to the magistrate relevant to that fact. Furthermore, Civ.R. 53(E)(3)(d) specifically provides: "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 12} Wife contends that, in her objections to the magistrate's report, she objected to the distribution of property on the ground that it was inequitable. In doing so, she glosses over the fact that the trial court refused to consider her supplemental memorandum, wherein she specifically argued that the trial court's valuation of the household goods she retained was arbitrary, inequitable, and unsupported by the record. Wife's first three objections to the magistrate's decision are broad enough to encompass the allegations specifically set forth in Wife's supplemental memorandum. However, those objections did not specifically direct the trial court's attention to the alleged error in the magistrate's valuation of the household goods wife retained in her possession as required by Civ.R. 54(E)(3)(b). Wife failed to support those objections with any factual or legal grounds. Moreover, in her third objection, Wife specifically challenged the magistrate's valuation of the property distributed to the parties, but only directed the court's attention to the magistrate's valuation of the marital residence, which Wife claimed failed to credit her for the mortgage on the property. Thus, Wife failed to object specifically and with particularity to the magistrate's valuation of the household goods she retained.
 {¶ 13} While Wife did file a supplemental memorandum in support of her objections, in which she specifically challenged the magistrate's valuation of the household goods in her possession, the trial court properly declined to consider it. As the court noted, neither Civ.R. 53 nor statutory law permits a party to submit a memorandum supplementing her timely objections to a magistrate's decision, as of right, after the time for filing objections has passed. Civ.R. 53(E)(3)(a) only permits a party to file objections to a magistrate's decision within fourteen days of the filing of the decision. Courts may grant a party leave to supplement their objections upon request. See, e.g., Zartman v. Swad, Fairfield App. No. 02CA86, 2003-Ohio-4140, at ¶ 41-42 (Noting appellant did not request leave to file supplemental objections, and that trial court overruled same.); Rosario v. Rosario (Dec. 16, 1994), Montgomery App. No. No. 14531 (Trial court granted party fourteen days following the filing of the hearing transcript in which to file his specific supplemental objections, and overruled those supplemental objections as untimely when the party filed them more than forty days after the court's deadline.); Carter v.Carter (Nov. 23, 1994), Mongtomery App. Nos. 14409, 14530, 14574 (Party filed timely objections to the referee's report, and court granted his request for leave of court to file supplemental objections to the report after the transcript of the hearing was filed.) Here, however, Wife filed her supplemental memorandum without requesting leave of court to do so. Thus, the trial court properly disregarded the issues Wife raised in her supplemental memorandum.
 {¶ 14} It is well-settled that a party waives an error on appeal where the party failed to object on that issue before the trial court. Civ.R. 53(E)(3)(b). See, also, State ex rel. Booherv. Honda Am. Mfg., Inc. (2000), 88 Ohio St.3d 53, 53-54. Because we find that Wife failed to specifically and timely object to the magistrate's valuation of the household goods she retained, we conclude that she is barred from assigning it as error on appeal. Accordingly, we overrule Wife's sole assignment of error and affirm the trial court's judgment.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed. The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.
If the trial court or this court has previously granted a stay of execution of sentence and release upon bail, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty-day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal before expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and McFarland, J.: Concur in Judgment and Opinion.
[1] We note that the magistrate did not assign dollar values to either of the parties' cars or include them in his calculation of the total value of the parties' marital property. Wife testified that her 1998 Bonneville was worth approximately $3,500, but that she still owed $4,164 on it. Husband testified his car was a 1994 Ford Explorer with 287,000 miles on it. Thus, the magistrate could reasonably have concluded that the value of the parties' vehicles, if any, was roughly equal.