[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] Tim Dailey is not a party to this appeal; the sole Appellant in the action hereunder is Bruce Dailey.
 DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant Bruce Dailey appeals the judgment of the Ross County Court of Common Pleas awarding attorney's fees to Appellees Laura Uhrig, et al. The Appellant contends the trial court erred when it awarded the *Page 2 
Appellees attorney's fees: (1) on the basis of frivolous conduct without providing a hearing; (2) following the expiration of the applicable filing period; and (3) without issuing proper findings of fact and conclusions of law. Because we find the Appellant failed to preserve these issues for appellate review, we affirm the judgment of the trial court.
 I. Facts {¶ 2} Tim Dailey commenced an action in the Ross County Court of Common Pleas for defamation and other claims against Appellees. Appellant Bruce Dailey, Tim Dailey's brother, represented Tim Dailey as counsel of record in the case, and as such, signed the complaint.
 {¶ 3} Randy Detillion, Cynthia Detillion, Jeff Walters, Twila Walters, Jeff Lehman, and Lisa Wrights filed a motion pursuant to R.C. 2323.51
and Civ.R. 11 for attorney's fees and costs incurred as a result of Tim Dailey's frivolous defamation suit. Thereafter, Appellees Laura Uhrig, David Uhrig, Gerald L. Parker, Jr., Julie Parker, Tim Hartsock, and Patricia Hartsock also filed a motion for attorney's fees and costs on this basis.
 {¶ 4} Subsequently, Tim Dailey filed a notice of dismissal under Civ.R. 41(A)(1) dismissing Laura Uhrig, David Uhrig, Carla Garrett, Randy Detillion, Cynthia Detillion, Gerald L. Parker, Jr., Julie Parker, Tim *Page 3 
Hartsock, and Patricia Hartsock, and Jennifer McCalla as parties to the original suit.
 {¶ 5} Appellees Jeff McCalla and Jennifer McCalla also filed a motion for attorney's fees and costs. The trial court filed an order which set that motion for a non-oral hearing on March 25, 2005. On March 8, 2004, without leave of the trial court, Tim Dailey filed his first amended complaint, signed by attorney Bruce Dailey.
 {¶ 6} On May 6, 2004, the trial court filed a journal entry which stated the following:
 "This cause came on for consideration on the motions filed by various Defendants of February 17th, 2004; February 20th, 2004; March 2nd, 2004; and March 16, 2004, seeking payment of attorney's fees and costs. Upon consideration of the memoranda filed in support and opposition thereto, the Court finds that Plaintiff has engaged in frivolous conduct as to certain Defendants. It is therefore ORDERED that the motions of Defendants Jennifer McCalla, Randy Detillion, Cynthia Detillion, Laura Uhrig, Gerald Parker, Julie Parker, Tim Hartsock, Patricia Hartsock, and Carla Garrett are hereby granted. Plaintiff and Plaintiffs counsel shall pay the attorney's fees, court costs, and reasonable expenses of these Defendants. The motion of Defendants Twila Walters, Jeff Walters, Jeff McCalla, Jeff Lehman and Lisa Wrights are hereby denied."
 {¶ 7} Thereafter, Tim Dailey filed a Civ.R. 60(B) motion for relief from the trial court's May 6, 2004 journal entry and additionally, he filed a motion for reconsideration of the trial court's decision. The trial court denied the motion for reconsideration. *Page 4 
 {¶ 8} Pursuant to leave granted by the trial court, Tim Dailey filed a second amended complaint signed by attorney Bruce Dailey against defendants Dwight Garrett, Mike Secoy, Wesley Bowles, Randy Detillion, Cynthia Detillion, Twila Walters, Jeff Walters, Jeff McCalla, Jeff Lehman, Lisa Wrights, and two John Does, alleging claims of civil conspiracy, tortious interference with an employment contract and business relationship, and slander per se and per quod.
 {¶ 9} On June 16, 2005, Jeff McCalla filed a motion for summary judgment, which was set for non-oral hearing on July 28, 2005. On September 1, 2005, the trial court granted summary judgment in favor of Jeff McCalla, Randy Detillion, Cynthia Detillion, Twila Walters, Jeff Walters, Jeff Lehman, and Lisa Wrights, noting that Tim Dailey and attorney Bruce Dailey failed to file a response to the respective summary judgment motions.
 {¶ 10} Jeff McCalla then filed a second motion for sanctions and attorney fees against Tim and Bruce Dailey, citing R.C. 2323.51 and Civ.R. 11. The motion was set for a non-oral hearing on November 7, 2005; however, Tim and Bruce Dailey failed to file a memorandum in opposition to the motion. On November 22, 2005, the trial court granted Jeff McCalla attorney's fees and costs incurred in the defense of Tim Dailey's action. *Page 5 
Pursuant to the order, Christopher Conomy, one of Jeff McCalla's attorneys, filed an affidavit on his behalf on December 7, 2005. The affidavit indicated that a total of $25,109.00 in reasonable and necessary attorney's fees and $2,098.08 in costs had been incurred in Jeff and Jennifer McCalla's defense against Tim Dailey's frivolous litigation. Notice of the filing was served on December 6, 2005. Neither Tim Dailey nor Bruce Dailey filed an objection to the affidavit.
 {¶ 11} The trial court ordered the case to "be submitted to Magistrate John C. DiCesare to hear any issues of the above captioned matter."
 {¶ 12} On December 6, 2005, Dwight Garrett filed a motion for sanctions, which was set for hearing before the Magistrate on January 31, 2006. Neither Tim nor Bruce Dailey filed a memorandum in response to Mr. Garrett's motion. Several other defendants also filed motions for sanctions on December 13, 2005 and January 13, 2006.
 {¶ 13} Following a hearing held on January 31, 2006, the Magistrate filed a decision and journal entry on February 9, 2006 recommending that defendants Laura Uhrig, David Uhrig, Tim Hartsock, Patricia Hartsock, Gerald Parker, and Julie Parker be awarded attorney's fees in the amount of $1,085.00 against Tim Dailey and Bruce Dailey. Neither Tim Dailey nor Bruce Dailey filed objections to the decision and entry. *Page 6 
 {¶ 14} On February 15, 2006, a hearing was held before the Magistrate on the issue of the amount and reasonableness of the attorney's fees claimed on behalf of Jeff and Jennifer McCalla and Carla Garrett. On March 15, 2006, John C. Albert, counsel for Dwight Garrett, Laura Uhrig, and Mike Secoy, filed an affidavit detailing that attorney's fees and costs incurred by those defendants through March 14, 2006 by his firm amounted to $22,468.17. A hearing on the remaining motions for attorney's fees and the amount and reasonableness of the fees was also held on March 15, 2006.
 {¶ 15} In a decision and journal entry dated May 5, 2006, the Magistrate recommended that various defendants be awarded attorney's fees and costs against Tim and Bruce Dailey as follows: Carla Garrett ($6,618.50 in attorney's fees, plus $58.45 in costs); Randy Detillion, Cynthia Detillion, Jeff Walters, Twila Walters, Jeff Lehman, and Lisa Wrights ($3,660.00 in attorney's fees); Jeff and Jennifer McCalla ($15,244.12 in attorney's fees, plus $1,004.57 in costs); and Dwight Garrett ($11,472.50 in attorney's fees, plus $1,146.25 in costs). Neither Tim nor Bruce Dailey filed objections to the Magistrate's Decision and Journal Entry.
 {¶ 16} The Appellant then filed a motion for findings of fact and conclusions of law requesting that, pursuant to Civ.R. 52, the court state its *Page 7 
conclusions of fact separately from the conclusions of law. The motion also contended the May 5, 2006 journal entry did not set forth a proper final judgment of the court, and requested from the court an order "which reduce[d] the Decision of the Magistrate * * * to a final, appealable judgment by a proper judgment entry."
 {¶ 17} On June 16, 2006, Judge Holmes filed a journal entry which held, in pertinent part:
 "This cause is before the Court on the motions filed June 7th, 2006 by the Plaintiff. In this matter, Magistrate's Decisions awarding attorney's fees were filed on February 9th, 2006 and May 5th, 2006. A review of the record discloses that no objections have been filed. The Court thereby adopts the Magistrate's Findings of Fact and the same are incorporated as if fully rewritten herein. The Court has made an independent review and analysis of the Magistrate's Decision. The Court finds that the Magistrate's recommendations are supported by the law and Court agrees with the same. The Magistrate's Decisions entered February 9th, 2006 and May 5, 2006 are hereby approved and adopted by the Court as its order."
 {¶ 18} Subsequently, Bruce Dailey filed a notice of appeal to this court from the June 16, 2006 journal entry. He asserts the following assignments of error:
 II. Assignments of Error {¶ 19} 1. THE TRIAL COURT ERRED IN AWARDING ATTORNEY FEES TO APPELLEES ON THE BASIS THAT THERE EXISTED FRIVOLOUS CONDUCT WITHOUT PROVIDING A HEARING AS REQUIRED UNDER O.R.C. § 2323.51(B)(2). *Page 8 
 {¶ 20} 2. THE TRIAL COURT ERRED IN GRANTING JUDGMENTS FOR ATTORNEY FEES AND COSTS UPON MOTIONS MADE AFTER THE EXPIRATION OF THE APPLICABLE FILING PERIOD.
 {¶ 21} 3. THE TRIAL COURT ERRED BY FAILING TO ISSUE PROPER FINDINGS OF FACT AND CONCLUSIONS OF LAW.
 III. Legal Analysis {¶ 22} In his first assignment of error, the Appellant argues the trial court erred when it awarded the Appellees attorney's fees on the basis that there existed frivolous conduct without providing a hearing as required by R.C. 2323.51(B)(2). As a preliminary matter, appellate courts "will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v. Awan (1986),22 Ohio St.3d 120, 122, 498 N.E.2d 277.
 {¶ 23} In the case sub judice, the Appellant did not file any responses in opposition to the various motions for attorney's fees and costs which were the subject of Judge Holmes' June 16, 2006 journal entry. Because the Appellant raised no objections, he waives on appeal any issue pertaining to the trial court granting those motions. It is axiomatic that issues not presented for consideration below will not be considered on appeal. Shover v. Cordis Corp. (1991), 61 Ohio St.3d 213,220, 574 N.E.2d 457. *Page 9 
 {¶ 24} The Appellant also did not object to either of the Magistrate's journal entries filed on February 9, 2006 and May 6, 2006. Former Civ.R. 53(E)(3)(b) required objections to "be specific and state with particularity the grounds of objection." Former Civ.R. 53(E)(3)(d) states that the failure to properly object to a magistrate's finding of fact or conclusion of law results in a waiver of the right to appeal the issue.[2] Because the Appellant did not specifically object to the Magistrate's decisions awarding attorney's fees and costs to various Appellees, they failed to preserve the issues for appellate review. SeeDunn v. Dunn, Clark App. No. 05-CA-104, 2006-Ohio-4649, at ¶ 26 (failing to file specific objection results in waiver of issue on appeal);Beasley v. Beasley, Adams App. No. 06CA821, 2006-Ohio-5000, at ¶ 12. Accordingly, we overrule each of the Appellant's assigned errors.
 {¶ 25} Additionally, Appellees Jeff and Jennifer McCalla and Dwight Garrett have filed motions pursuant to App.R. 15 and 23 for an order determining that the appeal sub judice is frivolous and awarding them reasonable expenses, attorney's fees, and costs incurred in defending against the appeal. App.R. 23 provides that "if a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable *Page 10 
expenses of the appellee including attorney fees and costs." The purpose of sanctions under App.R. 23 is to compensate the non-appealing party for the expense of having to defend a spurious appeal, and to help preserve the appellate calendar for cases truly worth of consideration."Tessler v. Ayer (1995), 108 Ohio App.3d 47, 58, 669 N.E.2d 891.
 {¶ 26} Ohio courts have generally considered an appeal frivolous where, in whole or in part, it presents no reasonable question for review. See Patton v. Ditmyer (Dec. 29, 2006), Athens App. Nos. 05CA12, 05CA21, and 05CA22, 2006-Ohio-7107, at ¶ 99; Rak-Ree Enterprises, Inc.v. Timmons (Sept. 29, 1997), Pickaway App. No. 97CA5, 1997 WL 607517, at *4. The decision of whether to award attorney's fees for frivolous conduct rests within the sound discretion of this court.Patton, supra, at ¶ 99.
 {¶ 27} In the case below, because the Appellant waived all error, which he nevertheless asserts in the appeal, the appeal presents no reasonable question for review. As the Appellant preserved no issues for review, we determine that the appeal is frivolous. We hereby direct the Appellees to submit to this court's Magistrate affidavits and other evidentiary material supporting their motion for attorney's fees and costs.
 JUDGMENT AFFIRMED. *Page 11 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J., Kline, J., and McFarland, J.: Concur in Judgment and Opinion.
[2] On July 1, 2006, Civ.R. 53 was amended. Because the proceedings in this case occurred before July 1, 2006, we apply the former version of Civ.R. 53. *Page 1