[Cite as *Lewis v. Classic Auto Body*, 2012-Ohio-1201.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97339**

# WARREN LEWIS

PLAINTIFF-APPELLANT

vs.

# CLASSIC AUTO BODY, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-742349

**BEFORE:**    Celebrezze, J., Blackmon, A.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**    March 22, 2012

**ATTORNEY FOR APPELLANT**

Kenneth D. Myers
6100 Oak Tree Boulevard
Suite 200
Independence, Ohio   44131


**FOR APPELLEES**

**For Classic Auto Body**
Classic Auto Body, pro se
4268 East 71st Street
Cleveland, Ohio   44105

**For Chris D. Brindza**
Chris D. Brindza, pro se
4268 East 71st Street
Cleveland, Ohio   44105

**For Dennis Nottingham**
Dennis Nottingham, pro se
4268 East 71st Street
Cleveland, Ohio   44105

FRANK D. CELEBREZZE, JR., J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records, and briefs of counsel.

{¶2} Appellant, Warren Lewis, appeals the judgment of the common pleas court denying his Civ.R. 60(B)(2) motion for relief from judgment. After careful review of the record and relevant case law, we affirm the judgment of the trial court.

{¶3} On January 5, 2000, appellant delivered his 1968 Chrysler 300 to appellee, Classic Auto Body ("Classic"), to have it restored to showroom condition. After careful negotiations, Classic agreed to perform the restoration, and appellant paid Classic a $500 non-refundable deposit. On January 11, 2000, Classic gave appellant a written estimate for the requested work, indicating that the restoration would cost approximately $5,055.75.

{¶4} On February 18, 2000, appellant paid Classic an additional $482 toward his outstanding balance for various mechanical repairs recommended by Classic.

{¶5} Approximately four years later, appellant contacted Classic to inquire about the status of his vehicle. Classic advised appellant that if he paid $2,000 toward his outstanding balance, his vehicle would be completed within a "reasonable time." On April 7, 2004, appellant paid Classic an additional $2,000 toward his outstanding balance.

{¶6} By June 2006, Classic had not started the restoration of appellant's vehicle. Appellant was told by Classic that he was required to pay the entire balance of his

outstanding bill before his vehicle would be a priority. On June 1, 2006, appellant paid Classic the remaining balance in full.

{¶7} By 2008, the restoration project had not been completed by Classic, and appellant demanded the return of his vehicle and money. However, Classic "guaranteed" the project would be completed by June 10, 2008. On June 10, 2008, the restoration still had not been completed. Again, Classic "guaranteed" that the project would be completed by July 14, 2008. Despite Classic's repeated assurances that the restoration would be completed, Classic failed to perform its contractual obligations by July 14, 2008.

{¶8} On November 29, 2010, appellant filed suit against Classic alleging breach of contract and fraud because the vehicle had neither been restored nor returned to appellant. On March 8, 2011, appellant filed a motion for default judgment after Classic failed to file an answer.

{¶9} On June 2, 2011, the trial court entered a default judgment in favor of appellant based on Classic's failure to file an answer. The trial court ordered Classic to pay appellant $6,300 and to return the 1968 Chrysler 300 to appellant within five days of the judgment entry.

{¶10} Upon retrieving the vehicle on or about July 9, 2011, appellant discovered that Classic had allowed the vehicle to deteriorate and had stripped portions of the vehicle's interior, creating extensive damages that were not considered at the time appellant was awarded the June 2, 2011 default judgment.

**{¶11}** On August 3, 2011, appellant filed a motion for relief from judgment, pursuant to Civ.R. 60(B)(2), seeking additional damages. On August 23, 2011, the trial court denied appellant's motion for relief from judgment without a hearing.

**{¶12}** Appellant brings this timely appeal, raising two assignments of error. For the purposes of judicial clarity, appellant's assignments of error will be addressed out of order.

Law and Analysis

I.   Motion for Relief from Judgment

**{¶13}**   In his second assignment of error, appellant argues that the trial court erred by denying his motion for relief from judgment.

**{¶14}** We note that the trial court is vested with discretion in determining whether to grant a motion for relief from judgment under Civ.R. 60(B), and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶15}** Civ.R. 60(B) provides:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied,

released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

{¶16} To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that:

(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶17} A failure to establish any one of the foregoing circumstances is ordinarily fatal to a Civ.R. 60(B) motion. *See Rose Chevrolet, Inc.*, 36 Ohio St.3d at 20 (stating that the trial court should overrule a Civ.R. 60(B) motion if the movant fails to meet any one of the foregoing three requirements); *GTE*, 47 Ohio St.2d at 151 (stating that the three requirements are "conjunctive").

{¶18} Here, appellant contends that he was entitled to relief from the June 2, 2011 default judgment, pursuant to Civ.R. 60(B)(2). Appellant alleges that the discovery of additional damages to his vehicle constituted "newly discovered evidence."

{¶19} To warrant the granting of a new trial on the grounds of newly discovered evidence,

"it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely

cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence." *State v. Barnes*, 8th Dist. No. 95557, 2011-Ohio-2917, ¶ 23, quoting *State v. Petro*, 148 Ohio St. 505, 76 N.E.2d 370 (1947), at the syllabus.

**{¶20}** In the case at bar, appellant attached to his motion for relief from judgment an appraisal he received from Third Party Auto Appraisal Company ("Third Party Auto") on July 16, 2011. In its report, Third Party Auto indicated that appellant's vehicle was worth approximately $11,215 at the time Classic received the vehicle on January 5, 2000. However, based on the substantial interior damage caused to the vehicle while in Classic's possession, Third Party Auto estimated that the vehicle's market value had diminished to approximately $780. Additionally, Third Party Auto estimated that appellant's vehicle would have a current value of approximately $16,575 if the restoration had been completed by Classic, as originally requested.

**{¶21}** Upon review of appellant's motion for relief from judgment and the attached documents, we find that appellant failed to satisfy the second prong of the *GTE* test because appellant's discovery of the additional damages to his vehicle does not constitute "newly discovered evidence" as defined by this court. As stated above, "newly discovered evidence" refers to evidence that, although in existence at the time of an administrative hearing, was incapable of discovery by due diligence. *Barnes* at ¶ 23. "Due diligence" is defined as "such a measure of prudence, activity, or assiduity as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent man

under the particular circumstances; not measured by any absolute standard, but depending on the relative facts of the special case." *Black's Law Dictionary* 457 (6th Ed.Rev.1990).

{¶22} Although appellant has submitted documentation that verifies the significant damage caused to his vehicle since January 5, 2000, he has failed to set forth operative facts that would support the contention that he in fact exercised due diligence, but was unable to discover this evidence prior to the issuance of the June 2, 2011 default judgment. Here, appellant's motion for relief from judgment and attached affidavit are silent on the issue of due diligence. In other words, there is nothing in the record to suggest that appellant attempted to, but was prevented from discovering the full extent of his damages prior to receiving a default judgment. Therefore, we are unable to conclude that the trial court abused its discretion in denying appellant's motion for relief from judgment.

{¶23} Appellant's second assignment of error is overruled.

## II. Failure to Hold Hearing

{¶24} In his first assignment of error, appellant argues that the trial court erred by denying his motion for relief from judgment without holding a hearing.

{¶25} A party who files a Civ.R. 60(B) motion for relief from judgment is not automatically entitled to a hearing on the motion. Instead, the movant bears the burden of demonstrating that he or she is entitled to a hearing on the motion. To warrant a hearing on a Civ.R. 60(B) motion, the movant must allege operative facts that would warrant relief under Civ.R. 60(B). *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19, 665 N.E.2d 1102 (1996). Although a movant is not required to submit evidentiary material in support of the

motion, a movant must do more than make bare allegations of entitlement to relief. *French v. Taylor*, 4th Dist. No. 01CA15, 2002-Ohio-114; *see also Your Fin. Community of Ohio, Inc. v. Emerick*, 123 Ohio App.3d 601, 607, 704 N.E.2d 1265 (10th Dist.1997).

**{¶26}** As previously discussed, appellant failed to allege operative facts that would entitle him to relief under Civ.R. 60(B)(2). Specifically, he failed to demonstrate that he was unable to discover the extent of damages to his vehicle prior to the issuance of the June 2, 2011 default judgment. Consequently, the trial court was not required to hold a hearing.

**{¶27}** Appellant's first assignment of error is overruled.

**{¶28}** Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

PATRICIA ANN BLACKMON, A.J., and
KENNETH A. ROCCO, J., CONCUR