[Cite as *Elliott v. Bobb*, 2024-Ohio-3095.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

TYLER ELLIOTT, et al,     :

           :    Case No. 22CA12

   Plaintiffs-Appellants,    :

           :

   v.           :    <u>DECISION AND JUDGMENT</u>

           :    <u>ENTRY</u>

MICHAEL BOBB, et. al.,     :

           :

   Defendants-Appellees.    :    **RELEASED: 08/09/2024**

APPEARANCES:

Aaron M. McHenry, Chillicothe, Ohio, for appellants.

Stephen K. Sesser and Jordan T. Benson, Benson & Sesser, LLC, Chillicothe, Ohio, for appellee.

Wilkin, J.

{¶1} This is an appeal by Tyler and Brooke Elliott ("Elliotts") from a Ross County Court of Common Pleas judgment that denied their Civ.R. 60(B) motion for relief from a summary judgment. The Elliotts assert that the trial court "erred" in denying their motion. For the reasons stated below, we find that the trial court did not abuse its discretion by denying the Elliotts' motion for relief from summary judgment. Therefore, we overrule their assignment of error and affirm the trial court's judgment.

THE COMPLAINT

{¶2} On November 16, 2020, the Elliotts filed a complaint seeking damages against Michael and Stephanie Bobb ("Bobbs") that contained allegations as set forth below. On October 21, 2019, the Elliotts entered into an agreement to purchase the Bobbs' property located at 404 South Maple Street in Bainbridge, Ohio. As part of the

purchase, the Bobbs provided the Elliotts a signed residential property disclosure form, which indicated that the septic tank on the property had last been serviced and inspected in March 2018, and that the Bobbs had experienced no problems with the home.

{¶3} On November 26, 2019, the Ross County Health District conducted a household-treatment-system-certification inspection of the property in question. The inspector discovered that there was no septic system permit or any plans to file one with the health department. Therefore, the inspector was unable to verify the size, type, or design of any leaching components to the septic system. The inspector asked the Elliotts to contact the Bobbs about the leaching system. The Elliotts maintained that the Bobbs informed them that there was a leaching system in place.

{¶4} After the Elliotts and Bobbs closed on the purchase and sale of the property in December of 2019, the Elliotts moved into their new home in January of 2020. In March 2020, the Elliotts discovered water on the downstairs bathroom floor and a day later sewage in the downstairs bathroom shower. The Elliotts hired a plumber who informed them that there was a serious problem with the property's septic system. In attempting to remedy the problem, the Elliotts discovered an older, undisclosed septic tank that was connected to the new tank, and that there was no leaching system.

{¶5} On May 4, 2020, the Health District conducted a second inspection that confirmed the property had a dry well connected to the septic tank instead of a leaching system. Using dry wells was outlawed in Ohio effective January 15, 2015. Therefore, a leaching system was required to make the septic system compliant with Ohio law.

However, because of the lot restrictions on the property, a leaching system could not be installed.

{¶6} The Elliotts alleged that the Bobbs breached various obligations that they owed to the Elliotts under the purchase agreement and sought damages.  The complaint also sought monetary damages under the theory of unjust enrichment.

PROCEDURAL HISTORY

{¶7} After an initial, unsuccessful attempt to serve the Bobbs with their complaint, the Elliotts served their complaint on the Bobbs on April 16, 2021, via personal service. On May 7, 2021, the Bobbs filed an answer.

{¶8} On August 2, 2021, the Bobbs served the Elliotts' counsel via e-mail with a request for discovery that included: a request for interrogatories, a request for production of documents, and a request for admissions.  The discovery request contained a notice as required by Civ.R. 36(A)(1) that all responses to the request for admissions were due within 28 days, making the Elliotts' responses due on August 30, 2021.

{¶9} On October 28, 2021, the Bobbs filed a motion for summary judgment alleging that the Elliotts had failed to respond to their discovery requests.  Failing to respond to requests for admissions meant that the requests were deemed admitted under Civ.R. 36(A)(1).  Pursuant to Bobbs' facts, which were deemed admitted, they alleged that there were no genuine issues of material fact regarding the Elliotts' breach of contract and unjust enrichment claims.  Therefore, the Bobbs were entitled to judgment as a matter of law.  The Elliotts did not file a response to the Bobbs' motion for summary judgment.

{¶10} On December 7, 2021, the trial court granted the Bobbs' motion for summary judgment. The court found that pursuant to Civ.R. 36(A)(1) the Elliotts' failure to respond to the Bobbs' request for admissions conclusively established: (1) the contract was the entire and complete agreement between the parties, (2) the Bobbs fully satisfied and performed all their obligations under the contract, (3) the Elliotts failed to perform a timely inspection in accordance with the contract, (4) the Elliotts failed to notify the Bobbs within 7 days of the receipt of the inspection that they were not satisfied with the results, (5) the Elliotts waived all contingencies expressed in the contract, (6) the Elliotts breached the contract, and (7) the Elliotts are not entitled to the damages claimed in their complaint.

{¶11} Even without considering the aforementioned admissions, the trial court found that it was clear from the facts alleged in the Elliotts' complaint that the property was sold by the Bobbs "as is" without a leaching system. Further, the Elliotts failed to timely obtain an inspection of the septic system and failed to notify the Bobbs of their dissatisfaction of the property as required by the contract. Finally, the existence of a valid contract meant that the Elliotts' unjust enrichment claim also failed because unjust enrichment is an equitable remedy that is only available in the absence of an enforceable contract.

{¶12} Consequently, the court found that there were no genuine issues of material fact regarding whether the Bobbs breached the contract or were unjustly enriched. The court found that reasonable minds could come to one conclusion, which was adverse to the Elliotts. Therefore, the Bobbs were entitled to summary judgment, which the court filed on December 7, 2021.

{¶13} On February 17, 2022, the Elliotts filed a Civ.R. 60(B) motion for relief from the trial court's summary judgment in favor of the Bobbs.

{¶14} The Elliotts argued that they had a meritorious claim for fraud against the Bobbs. The Elliotts claimed that the Bobbs attempted to conceal issues with the property's septic system, which included the Bobbs lying not only to the Elliotts but also to their agents, who were assisting the Elliotts in making their decision to purchase the property.

{¶15} The Elliotts claimed that they were entitled to relief under Civ.R. 60(B)(1) for mistake, inadvertence, surprise or excusable neglect, misrepresentation of another party, or any other reason justifying relief because of the Bobbs' efforts to conceal the condition of the septic system.

{¶16} Finally, the Elliotts claimed that they had filed their Civ.R. 60(B) within a reasonable time, which was less than three months after the trial court issued the summary judgment.

{¶17} The Elliotts also filed a motion to amend their complaint to add the fraud claim, indicating that the Bobbs sought to conceal the issues with the septic tank. No further argument accompanied this motion.

{¶18} The Bobbs filed a memorandum contra to the Elliotts' motion to amend their complaint. The Bobbs argued that the Elliotts waited approximately 21 months from the filing of their initial complaint to seek leave to add a fraud allegation. The Bobbs outlined the Elliotts' failures in prosecuting their case from not responding to the Bobbs' discovery to not opposing their motion for summary judgment. They also argued

that the fraud claim was not pled with sufficient particularity.  Therefore, they moved the trial court to deny the Elliotts leave to amend their complaint.

{¶19} The Bobbs also opposed the Elliotts' motion for relief from judgment.  First, the Bobbs argued that the Elliotts did not set forth a meritorious claim or defense.  The Elliotts' motion failed to allege any new operative facts with supporting evidence entitling them to relief.  The Elliotts attempted to set forth a new allegation that their neighbors "told them" about the Bobbs previously having septic system issues. However, the Bobbs argued that claim had no evidentiary support, such as an affidavit from the neighbors.

{¶20} Second, the Bobbs argued that the Elliotts' motion for relief from judgment failed to demonstrate any grounds under Civ.R. 60(B)(1-5).  The fraud was not newly discovered evidence under Civ.R. 60(B)(2), but instead was known at the time the Elliotts filed their complaint.  The Elliotts merely waited to assert fraud until months later.  The Bobbs also claimed that the fraud contemplated under Civ.R. 60(B)(3) is fraud used to attain the judgment which the movant is seeking relief from, not a claim of fraud like the Elliotts were asserting.

{¶21} Third, the Bobbs argued that the Elliotts did not file their Civ.R. 60(B) motion for relief within a reasonable time.  The Bobbs noted that the trial court issued the summary judgment on December 7, 2021 and the Elliotts did not file their Civ.R. 60(B) motion for relief from judgment until approximately 11 weeks later.  The Bobbs claimed that under the circumstances of the case, specifically, the Elliotts' failures to respond to discovery and the summary judgment motion and repeated untimeliness, the Elliotts' motion requesting relief from judgment was not filed within a reasonable time.

{¶22} Therefore, the Bobbs urged the trial court to deny the Elliotts' Civ.R. 60(B) motion for relief from judgment.

{¶23} On March 17, 2022, the trial court issued a judgment that denied the Elliotts' motion to amend their complaint and their motion for relief from judgment. In denying the Elliotts' motion to amend their complaint, the court cited four reasons. First, the Elliotts' complaint made allegations sufficient to support a fraud claim, but no such claim was made in the complaint. Second, by failing to respond to the Bobbs' discovery requests, the Elliotts admitted that they were not entitled to the damages sought in their complaint. Third, the Elliotts' approximate 21-month delay in seeking to amend their complaint would unduly prejudice the Bobbs. And, finally, the court found that a plaintiff cannot maintain an action in contract and fraud based on the same action unless the plaintiff can show that the breaching party had separate duties. The court found that the Elliotts had not made that showing in this case. Therefore, the trial court denied their motion to amend their complaint to add a claim of fraud.

{¶24} In denying the Elliotts' motion for relief from judgment, the court first found that the Elliotts' fraud claim based on "newly discovered evidence" did not present a meritorious claim under Civ.R. 60(B)(1) for the same reasons that the court had denied the Elliotts' motion to amend their complaint to add a claim of fraud.

{¶25} The court next found the Elliotts' Civ.R. 60(B) motion was not cognizable under any of the grounds alleged by the Elliotts. Specifically, the court found the Elliotts' claim was not based on newly discovered evidence, so it did not come under Civ.R. 60(B)(2). The court further found that the "fraud" referenced in Civ.R. 60(B)(3) pertained to unconscionable conduct that was committed to obtain the judgment for

relief being sought.  It is not adding a claim for fraud in the case as the Elliotts were attempting to do.  Therefore, the court denied the Elliotts' Civ.R. 60(B) motion for relief from judgment because it failed to satisfy the test in *GTE Automatic Elec. Inc. v. ARC Industries, Inc.*, which is used to determine when relief from a judgment should be granted.  47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

**{¶26}** It is this judgment that the Elliotts appeal.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DENYING THEIR MOTION FOR RELIEF FROM JUDGMENT.

**{¶27}** The Elliotts acknowledge that a successful motion for relief from judgment under Civ.R. 60(B) must demonstrate: (1) a meritorious claim or defense, (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1-5), and (3) the motion must be filed in a timely fashion.

**{¶28}** The Elliotts claim that their Civ.R. 60(B) motion sets forth a meritorious claim for fraud.  The Elliotts begin their argument by explaining that several of the deadlines that they missed in the contract to purchase the property were justified.

**{¶29}** The Elliotts acknowledge there was an "as is" clause in the contract and that they intended to rely on an inspection of the property prior to purchasing it.  They assert that the initial inspection was scheduled within the time frame permitted by the contract, but that the Bobbs asked the inspection be rescheduled.  However, the company's next available inspection date was November 26, 2019, which was outside the time-frame provided by the contract.  Consequently, the fact that the inspection was outside the dates permitted by the contract was not the fault of the Elliotts.

{¶30} The Elliotts also admit that they did not provide any written notice of dissatisfaction. However, they again assert this was not their fault. The Bobbs lied to the Elliotts' property inspector by indicating that there existed a leach bed on the property. But for this misrepresentation, the Elliotts claim that the septic system would not have passed the inspection. The only way that the Elliotts could have confirmed that misinformation would have been to dig up the septic system, which was not a realistic option. Therefore, the Elliotts were unaware of any defect in the property.

{¶31} Finally, the Elliotts claim the fact that the property disclosure sheet did not indicate that the septic system had a leach bed was immaterial to the claims in their complaint. The Elliotts asserted on the property disclosure sheet that the Bobbs indicated that they had "never experienced any issues." They do not specify what the "issues" related to. The Elliotts claim that representation was false. The Elliotts assert that once the neighbors discovered that the Bobbs had been granted summary judgment, they approached the Elliotts and informed them that the Bobbs had similar septic issues when they resided in the home. This information was unknown to the Elliotts at the time they filed their complaint.

{¶32} The Elliotts next argue that they are entitled to relief under Civ.R. 60(B)(1) for excusable neglect and under Civ.R. 60(B)(2) for newly discovered evidence.

{¶33} The Elliotts claim that there is no question that the information provided to them by their neighbors was not discoverable at the time the court granted summary judgment. Before filing their complaint, the Elliotts claim that they exercised due diligence to obtain information that was available. They claim that the Bobbs' efforts to conceal the defects in the septic system prevented them from being able to determine

"just how bad it was." Therefore, based on the new evidence from the neighbors, the Elliotts maintain that their failure to file a fraud claim was excusable neglect.

{¶34} Finally, the Elliotts maintain that their Civ.R. 60(B) motion was timely filed. They filed their Civ.R. 60(B) motion less than three months after the trial court granted the Bobbs' summary judgment.

{¶35} Therefore, the Elliotts claim that this court should reverse the trial court's decision denying their motion for relief from the trial court's summary judgment.

{¶36} In response, the Bobbs argue that the trial court properly denied the Elliotts' Civ.R. 60(B) motion for relief from the trial court's summary judgment. The Bobbs maintain that a trial court decision granting or denying a Civ.R. 60(B) motion for relief from judgment may be reversed only if the court abuses its discretion in making that decision.

{¶37} The Bobbs argue that the Elliotts failed to demonstrate that they have a meritorious claim. The Bobbs claim that a Civ.R. 60(B) movant must raise new facts or circumstances than those originally alleged to be successful in asserting a meritorious claim. The Bobbs claim that the Elliotts allege no new facts in support of their Civ.R. 60(B) motion. Instead, they have merely added a new claim of fraud based on the facts pled in the original complaint, which is insufficient to support their Civ.R. 60(B) motion.

{¶38} The Bobbs maintain that the Elliotts' claim that their neighbors told them about problems the Bobbs had experienced with the septic system when they lived on the property is not supported by any affidavits. Even if the neighbors' comments were considered "new" allegations, the Bobbs claim they should be stricken as hearsay.

**{¶39}** The Bobbs next argue that the Elliotts failed to demonstrate entitlement to relief from judgment under any of the grounds set forth in Civ.R. 60(B)(1-5). Their claim would not qualify as newly discovered evidence under Civ.R. 60(B)(2), which is evidence that is incapable of discovery by due diligence. The Bobbs claim that it is unclear what evidence would be newly discovered. Rather, the Elliotts' claim is based on allegations that were raised in their complaint and on evidence that was available at that time. The Bobbs claim that the Elliotts have not exercised due diligence by failing to conduct their own discovery, failing to respond to the Bobbs' discovery requests, and failing to respond to the Bobbs' motion for summary judgment. The Bobbs maintain that the Elliotts' lack of diligence should not be rewarded by giving them relief from the summary judgment.

**{¶40}** The Bobbs also argue that the Elliotts' new claim would not qualify as fraud under Civ.R. 60(B)(3). The fraud referenced there pertains to actions undertaken by the opposing party in obtaining the judgment for which relief is sought. It does not address whether the moving party can add a claim of fraud. The Bobbs claim that the Elliotts are trying to add a fraud claim, which is not what Civ.R. 60(B)(3) permits.

**{¶41}** Finally, the Bobbs maintain that given the circumstances, the Elliotts did not file their Civ.R. 60(B) motion within a reasonable time from the date that the trial court's summary judgment was filed. The Elliotts' Civ.R. 60(B) motion was filed 11 weeks after the summary judgment was issued. The Bobbs maintain that is an unreasonable delay.

A. Law

1. Standard of Review

{¶42} "We review a trial court's decision granting or denying a Civ.R. 60(B)

motion for relief from a judgment for an abuse of discretion." *Eitel's Towing Serv., Inc.*

*v. D H Trucking, Inc.*, 2022-Ohio-1639, ¶ 23 (4th Dist.), citing *Whited v. Whited*, 2020-

Ohio-5067, ¶ 8 (4th Dist.).

> In an appeal involving the review of a trial court's decision denying
> a party's Civ.R. 60(B) motion, we stated that "in order to establish an
> abuse of discretion, the result must be so palpably and grossly violative
> of fact or logic that it evidences not the exercise of will but the perversity
> of will, not the exercise of judgment but the defiance of judgment, not the
> exercise of reason but passion or bias."

*Id., quoting Keaton v. Purchase Plus Buyers Group, Inc.*, 145 Ohio App.3d 796, 805,
2001-Ohio-2569 (4th Dist.).

Whether a court abuses its discretion "is a very deferential standard, which limits our

review 'to determining whether the trial court acted unreasonably, arbitrarily, or

unconscionably; in doing so, the appellate court may not simply substitute its judgment

for that of the trial court.' " *Id.*, quoting *Whited* at ¶ 8.

### 2. Civ.R. 60(B)

{¶43} In a successful motion for relief from judgment pursuant to Civ.R. 60(B),

> "a movant must demonstrate: (1) a meritorious defense or claim to
> present if relief is granted; (2) entitlement to relief under one of the
> grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made
> within a reasonable time, and, where the grounds of relief are Civ.R.
> 60(B)(1), (2) or (3), not more than one year after the judgment, order or
> proceeding was entered or taken."

*Eitel's Towing Serv., Inc.* at ¶ 26, quoting *Whited* at ¶ 10; *GTE Automatic Elec. Inc.,* 47
Ohio St.2d 146 (1976), paragraph two of the syllabus.

"These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton,* 70 Ohio St.3d 172, 174, 1994-Ohio-107.

{¶44} The Elliotts assert that their motion is permissible under Civ.R. 60(B)(1) and (2).  Therefore, we review the law applicable to each subsection.

### a. Civ.R. 60(B)(1): Excusable Neglect

{¶45} "Excusable neglect must be construed consistent with the principle that 'Civ.R. 60(B)(1) is a remedial rule to be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to 'strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.' " *Eitel's Towing Serv.,* 2022-Ohio-1639 at ¶ 28 (4th Dist.), quoting *Colley v. Bazell*, 64 Ohio St. 2d 243, 248 (1980), quoting 11 Wright & Miller, Federal Practice & Procedure 140, Section 2851.  "The term 'excusable neglect' is an elusive concept which has been difficult to define and to apply.  Nevertheless, we have previously defined 'excusable neglect' in the negative and have stated that the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.' " *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 1996-Ohio-430, quoting *GTE Automatic Elec.*, 47 Ohio St.2d 146, 153 (1976); *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 21, fn. 4 (1988).

### b. Civ.R. 60(B)(2): Newly Discovered Evidence

{¶46} Civ.R. 60(B)(2) provides a ground for relief from judgment due to "newly discovered evidence which by due diligence could not have been discovered in time to move for a *new trial under Rule 59(B).*"  (Emphasis added.)   Some courts have held

that "[t]o the extent that the language of Civ.R. 60(B)(2) provides for a new trial on the basis of newly discovered evidence which could not have been timely obtained, this section does not appear to be a ground for relief from judgment when the original entry is one granting summary judgment." *Thompson v. Russ-Pol, Inc.,* 1989 WL 42973, *3 (11th Dist. Apr. 28, 1989). However, "[i]n most instances [involving summary judgments], courts have chosen to simply address the underlying merits of the Civ.R. 60(B)(2) motion when the movant has failed to meet his burden under the rule." (Emphasis added.) *Healey v. Goodyear Tire & Rubber Co.*, 2012-Ohio-2170, ¶ 10.

{¶47} To show that evidence is newly discovered as required in Civ.R. 60(B)(2), the movant " 'has the burden of demonstrating: "(1) that the evidence was actually 'newly discovered'; that is it must have been discovered subsequent to the [summary judgment]; (2) that the movant exercised due diligence; and (3) that the evidence is material, not merely impeaching or cumulative and that a new trial would probably produce a different result." ' " *Williams v. Ohio Dep't of Edn.*, 2011-Ohio-6615, ¶ 16 (4th Dist.), quoting *O'Wesney v. State Bd. of Registration For Professional Engineers and Surveyors,* 2009-Ohio-6444, ¶ 79 (5th Dist.), quoting, *Clark v. State Bd. of Registration for Professional Engineers & Surveyors*, 121 Ohio App.3d 278, 287-288, (9th Dist. 1997). " 'Due diligence' is defined as 'such a measure of prudence, activity, or assiduity as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent man under the particular circumstances; not measured by any absolute standard, but depending on the relative facts of the special case.' " *Lewis v. Classic Auto Body*, 2012-Ohio-1201, ¶ 21 (8th Dist.), quoting *Black's Law Dictionary* (6th Ed. Rev.1990). Evidence that with due diligence could have be discovered before a

summary judgment was issued is not newly discovered. *Healey*, 2012-Ohio-2170 at ¶ 16.

### 3. Res Judicata

**{¶48}** "Civ.R. 60(B) exists to resolve injustices that are so great that they demand a departure from the strict constraints of res judicata. However, the rule does not exist to allow a party to obtain relief from his or her own choice to forgo an appeal from an adverse decision." (Citation omitted.) *Bank of America, N.A. v. Kuchta,* 141 Ohio St.3d 75, ¶ 15 (2014). Thus, "Civ.R. 60(B) cannot be used as a substitute for appeal." *In re Complaint of Pilkington N. Am., Inc.,* 2015-Ohio-4797, ¶ 34, citing *Kuchta* at ¶ 16, citing *Harris v. Anderson,* 2006-Ohio-1934, ¶ 8-9. Otherwise, "judgments would never be final because a party could indirectly gain review of a judgment from which no timely appeal was taken by filing a motion for reconsideration or a motion to vacate judgment." *State ex rel. Durkin v. Ungaro,* 39 Ohio St.3d 191, 193 (1988). Accordingly, the doctrine of res judicata bars claims raised in a Civ.R. 60(B) motion that could have been raised on direct appeal. *Kuchta* at ¶ 16.

**{¶49}** Res judicata provides that "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.,* 1995-Ohio-331, syllabus. " ' "The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." ' " *Brooks v. Kelly,* 2015-Ohio-2805, ¶ 7, quoting *Grava* at 381, quoting *Natl. Amusements, Inc. v. Springdale,* 53 Ohio St.3d 60, 62 (1990). Consequently, if a Civ.R. 60(B) motion raises issues that the movant could have challenged on direct appeal, then the doctrine

of res judicata prevents the movant from employing Civ.R. 60(B) as a means to set aside the court's judgment.  *See Blasco v. Mislik,* 69 Ohio St.2d 684, 686 (1982).  A "movant must allege new grounds for Civ.R. 60(B) relief; it may not use the arguments it lost under the judgment to justify relief from that judgment."  *Blaine v. Southington Loc. Sch.*, 2003-Ohio-6238, ¶ 13 (11th Dist.).

## B. Analysis

### 1. Res Judicata

{¶50} The Elliotts' Civ.R. 60(B) motion maintained that they had a fraud claim based on newly discovered evidence from their neighbors who "told them about similar problems they had experienced and about the problems [the Bobbs] had with their septic system" after summary judgment had been issued to the Bobbs.  In part, the trial court rejected that argument because it found that the "[Elliotts] already made those allegations in their initial complaint and opted not to include a claim for fraud."  A review of the record supports the trial court's finding.  The Elliotts' complaint alleged that the Bobbs made repeated misrepresentations regarding the property's septic system. Therefore, at the time they filed their complaint, the Elliotts were aware that the Bobbs had misled them regarding the septic system and could have filed a fraud claim. Because the Elliotts could have raised a fraud claim in their initial complaint, but did not, and the trial court subsequently issued summary judgment in the Bobbs' favor that went unchallenged by the Elliotts, we find that res judicata bars the Elliotts from seeking a fraud claim in their Civ.R. 60(B) motion.  *Brooks,* 2015-Ohio-2805, ¶ 7.

### 2. Civ.R. 60(B)(1 and 2)

{¶51} However, even assuming arguendo that res judicata did not bar the Elliotts' Civ.R. 60(B) motion, the trial court determined that the Elliotts failed to establish either of the two grounds under which they claim that their Civ.R. 60(B) motion could have been granted.

### a. Civ.R. 60(B)(2): Newly Discovered Evidence

{¶52} The trial court found that "subsequent to the filing of their Complaint, and prior to the grant of summary judgment, [the Elliotts] exercised no diligence whatsoever in discovering and pursuing their claims." A review of the record supports the trial court's finding. For example, the record contains no request for discovery by the Elliotts to the Bobbs. Nor did the Elliotts oppose the Bobbs' motion for summary judgment. It was not until after the court issued the summary judgment that the Elliotts filed their Civ.R. 60(B) motion at issue herein.

{¶53} Moreover, as we found in our res judicata analysis, in comparing the allegations that the Elliotts made in their complaint with the information they claim the neighbors provided to them, there is nothing from the neighbors' information that is materially different from what the Elliotts knew at the time they filed their complaint. Specifically, from the complaint, it is clear that the Elliotts knew that the Bobbs misrepresented to them and their agents more than once about the septic system. The neighbors merely confirmed what the Elliotts already knew, which is that the Bobbs had falsely represented information to them about the septic system. Therefore, because the Elliotts were already aware of the evidence that the neighbors possessed prior to issuance of the summary judgment, it was not newly discovered evidence. *Williams*,

2011-Ohio-6615 at ¶ 16 (4th Dist.).  Rather, the information from the neighbors was merely cumulative of what the Elliotts already knew, which is not newly discovered evidence under Civ.R. 60(B)(2).  *Id.*

**{¶54}** Alternatively, even if the evidence provided by the neighbors was not known by the Elliotts prior to the issuance of the summary judgment, then, as the trial court recognized, the Elliotts failed to undertake any diligence in prosecuting/investigating their case, including investigating any evidence that the neighbors may have had.  That is, after filing their complaint, the Elliotts "failed to undertake any measure of prudence, activity, or assiduity as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent man under the particular circumstances" in investigating their case.  *Lewis*, 2012-Ohio-1201, at ¶ 21 (8th Dist.) As such, we find that the trial court did not abuse its discretion in determining that the Elliotts cannot show that, prior to the issuance of the summary judgment, they acted with due diligence in investigating their case, let alone investigating what their neighbors might have known.

**{¶55}** Therefore, we conclude that the trial court's decision finding that the neighbor's information was not newly discovered evidence was not unreasonable, arbitrary, or unconscionable.

#### b. Civ.R. 60(B)(1): Excusable Neglect

**{¶56}** The Elliotts also maintain that their motion is cognizable under Civ.R. 60(B)(1), which permits relief from judgment due to "mistake, inadvertence, surprise or excusable neglect." This assertion appears to rely on the Elliots' argument that their neighbors provided them newly discovered evidence thereby making the Elliotts' neglect

in timely filing their fraud claim excusable.  Having determined infra that the information from the neighbors was not newly discovered evidence renders their excusable-neglect argument here meritless.

## MOTION FOR SANCTIONS

{¶57} In their appellate brief, the Bobbs move this Court to impose sanctions arguing that the Elliotts were less than truthful as to when they claimed that they filed their appellate brief, and, that when they did file their brief, they did not serve it on the Bobbs, despite certifying otherwise.  The Bobbs also allege that the Elliotts "have repeatedly and without reasonable cause engaged in frivolous conduct under Loc.R. 27(A)[,]" including failing to file responses to discovery, failing to respond to the Bobbs' motion for summary judgment, and failing to assert any reasonable basis for relief from the summary judgment.  The Bobbs seek several alternative avenues of relief including, striking the Elliotts' appeal brief, dismissing their appeal, or awarding the Bobbs $7,290 in attorney's fees or $1,125 in expenses.

{¶58} Pursuant to Loc.R. 27 and App.R. 23, if this Court finds an appeal to be frivolous, it may impose sanctions, including awarding the opposing party "reasonable expenses, reasonable attorney fees, costs or double costs, or any other sanction [this Court] considers just."  Loc. R. 27.  An appeal is frivolous if "it presents no reasonable question for review."  *Dailey v. Uhrig*, 2008-Ohio-1396, ¶ 26 (4th Dist.).  " 'The purpose of sanctions [ ] is to compensate the non-appealing party for the expense of having to defend a spurious appeal and to help preserve the appellate calendar for cases worthy of consideration.' "  *Id.* at ¶ 26, quoting *Tessler v. Ayer*, 108 Ohio App.3d 47, 58 (1st Dist. 1995.).

{¶59} The Elliotts failed to act diligently in litigating their case in the trial court, and some of their actions in this court raise concerns. Nevertheless, we find that their appeal still presented a reasonable question for review. We also find that striking the Elliotts' brief or dismissing their appeal is too harsh a penalty for the potential transgressions that occurred in this court. Therefore, we decline to strike the Elliotts' brief or dismiss their appeal, and find that no sanctions are warranted.

CONCLUSION

{¶60} Because the Elliotts failed to raise a fraud claim in their complaint and failed to appeal the subsequent summary judgment, res judicata barred them from seeking relief from the summary judgment in their Civ.R. 60(B) motion on the grounds of fraud. Moreover, even if the Elliotts' Civ.R. 60(B) motion was not barred by res judicata, the trial court's determination that the Elliotts' did not show that their Civ.R. 60(B) motion was cognizable under Civ.R. 60(B) (1) and (2) was not an abuse of discretion, which was fatal to their Civ.R. 60(B) motion. Consequently, the trial court did not abuse its discretion in denying the Elliotts' Civ.R. 60(B) motion for relief from judgment.

{¶67} Accordingly, we overrule the Elliotts' assignment of error and affirm the trial court's judgment denying their Civ.R. 60(B) motion.

**JUDGMENT AFFIRMED.**

### JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J.:  Concur in Judgment and Opinion.

For the Court,


BY: _____
Kristy S. Wilkin, Judge


### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**